NEW-YORK,
Nov. 1810.

THE PEOPLE
v.
HUMPHREY.

exclusively for his debtor, knowing there were other owners, and after a settlement of accounts between them and the ship's husband.

The plaintiffs are entitled to judgment.

Judgment for the plaintiffs.

## THE PEOPLE against HUMPHREY.

*In prosecutions for bigamy, the mere confession of the party is not sufficient evidence of the first marriage; but there must be proof of a marriage in fact.*

THE prisoner was indicted and tried, at the last oyer and terminer in *Ulster* county, for *bigamy*.

The marriage of the defendant with *A. S.* on the 1st of *August* last was duly proved. It was also proved that a short time afterwards, a person calling herself *Elizabeth Humphrey*, and the wife of the prisoner, appeared before a justice of the peace, and charged him with the offence of *bigamy*. On his examination before the magistrate, the prisoner voluntarily acknowledged that *Elizabeth*, who was then present, was his wife, and that they had been married about four years before. The counsel for the prisoner objected, that the evidence of the confession of the prisoner of his first marriage was not sufficient proof of a marriage in fact, but the objection was overruled, and the prisoner was convicted. The judgment having been suspended, he was now brought up on *habeas corpus;* and the question raised for the consideration of the court, was, whether the prisoner could be convicted of bigamy, on his own confession out of court, without any other evidence whatever of a marriage in fact?

*Sudam,* for the prisoner. He cited 1 *East's P. C.* 470.

*Hopkins,* contra.

*4 Burr.* 2056.

*Per Curiam.* In *Morris* v. *Miller,*\* Lord *Mansfield* held, that in prosecutions for *bigamy*, as well as in ac-

tions for *crim. con.* a marriage in fact must be proved; and the same rule was recognised in *Birt* v. *Barlow.** The mere confession of the party is not sufficient evidence. The prisoner must be discharged.

<div align="right">Prisoner discharged.</div>