## FRINK & Co. v. COE.

In an action for injury, sustained by the overturning of a stage coach, the declaration of the plaintiff, made at the time of the injury, are admissible in evidence, as a part of the *res gestae*.

If a declaration, made at the time the act was done, is calculated to explain the character, nature or quality of the facts constituting the act and its effects, so far as to unfold and harmonise them as parts of the same transaction, then such declaration may be regarded as part of the *res gestae*, and should go to the jury with the principal facts in the case.

Stage coach proprietors, who carry passengers for compensation, are responsible for all accidents and injuries happening to passengers, which might have been prevented by human care and foresight ; they are consequently bound to furnish good and strong coaches and harness, gentle and well broke horses, skillful and prudent drivers, and the smallest degree of negligence in these particulars will render such proprietors liable for any injury to passengers.

Where a passenger has been injured in consequence of the gross negligence of a stage proprietor, by the employment of a known drunken driver, the injured party may be entitled to exemplary damages.

If a stage proprietor or carrier is guilty of gross negligence, it amounts to that kind of gross misconduct which will justify a jury in giving exemplary damages, even where an intent or design to do the injury does not appear.

A tender admits the liability or indebtedness to the amount of the sum tendered.

### Appeal from Scott District Court.

*Opinion by* GREENE, J.   This action was commenced by John Coe against John Frink & Co., proprietors of stage coaches running between Rock Island and Chicago, to recover damages for injuries sustained by the negligent and careless upsetting of defendants' coach, in which he had taken passage.  The cause was submitted to a jury. Verdict in favor of plaintiff for the sum of two hundred and seventy dollars.  Judgment accordingly.  A motion made by defendants below for a new trial, was overruled. Defendants appealed, and now urge reasons for reversing the judgment.

1. It is claimed that the court erred in permitting to be given in evidence the plaintiff's declaration, made at the time, in reference to the injuries he had received by the casualty. It appears that the court permitted the following question to be put and answered: "What did the plaintiff say at the time of the overturning of the coach as to the injury he received?" The answer to this question showed that the plaintiff said at the time of the injury that his hand was fast and mashed. To this interrogatory and answer we can see no objection. This declaration of the party was a part of the *res gestae*. It was contemporaneous with the injury, and illustrated its character. It expressed the bodily feelings of the party, the location and nature of his suffering. Whether that declaration was real or feigned the jury should determine from the other facts and circumstances of the case ; 1 Greenl. Ev., § § 102, 108.

In § 102, Professor Greenleaf, among other appropriate examples, speaks of the representation of a sick person as to the nature, symptoms and effects of the malady under which he was laboring at the time, which may be received as original evidence, as distinguished from hear say. Upon the same principle should the declarations of a wounded man be received, as to the nature and effects of the injury, especially where those declarations were made immediately after the calamity, and while his injured limb was fast under the coach. It would seem impossible to make declarations more strictly a part of the *res gestae* than the words of the plaintiff in this case, uttered while his hand was still fast under the upturned coach, which had produced the wound.

According to the authorities, if such a declaration was made at the time the act was done, and is calculated to explain the character, nature or quality of the facts constituting the act and its effects, so as to unfold and harmonize them as parts of the same transaction, then such a declaration must be regarded as a part of the *res gestae*,

and may always be shown to the jury along with the principal facts; *Enos* v. *Tuttle*, 3 Conn., 250; *Carter* v. *Buchannon*, 3 Kelley, 513; *Blood* v. *Rideout*, 13 Met., 237; *Boyden* v. *Burke*, 14 How., 575; *In re* Taylor, 9 Paige, 611; 1 Greenl. Ev., § 108.

In an action by a bailor against the bailee for loss by his negligence, the declarations of the bailee, contemporaneous with the loss, are admissible in his favor, to show the nature of the loss. Story on Bailm., § 339, cites *Tompkins* v. *Saltmarsh*, 14 Serg. and Rawl., 275; *Beardslee* v. *Richardson*, 11 Wend., 25; *Doorman* v. *Jenkins*, 2 Ad. and El., 80. So in a prosecution for a rape, where the party injured is a witness, it is material to show that she made complaint of the injury while it was yet recent; 1 Greenl., § 102.

Although we consider such a declaration admissible, as tending to prove the issue, still, it cannot of itself be regarded as sufficient proof without some other corroborative evidence.

2. It is objected that the court erred in giving the following instruction, as requested by the plaintiff below: "That the proprietors of stage coaches which ply between different places, and carry passengers for hire and compensation, are responsible for all accidents and injuries happening to the persons of the passengers, which could have been prevented by human care and foresight.

This instruction contemplates a great degree of diligence, care and foresight on the part of stage proprietors, but not more, we think, than sound public policy dictates, nor more than the authorities justify. It was held in *Maury* v. *Tulmadge*, 2 McLean, 157, that stage proprietors are bound to use the greatest care for the safety of passengers; that the least negligence by the drivers, or the want of skill makes them liable. So in *McKinney* v. *Neil*, 1 McLean, 540, it is decided that a stage proprietor is bound to furnish good coaches, gentle and well broke horses, good harness, and a prudent, skillful driver, and is liable to any

passenger who may receive any injury from any defect in these particulars, and is also liable for the smallest degree of negligence, carelessness or want of skill in the driver. With horses gentle and well broke, with coaches and harness good and strong, with drivers sober, prudent and skillful, a stage coach line might be regarded as managed with human care and foresight. With such an outfit, stage proprietors, in a level prairie country like Illinois and Iowa, would rarely if ever be called upon to pay damages for personal injuries to passengers. In *McKinney* v. *Neil*, 1 McLean, 540, the upsetting of a stage coach was held to be *prima facie* evidence of negligence. That doctrine is especially appropriate to a level prairie country, where nearly every accident may be traced to drunken or grossly careless drivers.

The instruction under consideration is quite as moderate towards stage proprietors as the authorities would justify. It appears to have been extracted almost literally from elementary works, as the settled doctrine of modern decisions. Story on Bailm., § 601; 2 Greenl. Ev., § 221; Angell on Carriers, §§ 536, 568 and notes.

3. Several errors are assigned and urged in reference to the true measure of damage. These may all be sufficiently comprised under one proposition, which was submitted by defendants below. They requested the court to instruct the jury, that no matter whether they believed the driver to be drunk or sober, the plaintiff is only entitled to the actual damage proved ; and that he cannot recover exemplary damages, unless he proves the acts of the defendants to have been intentional and designed. This doctrine the court refused to submit to the jury as law. Upon this point we have some difficulty in arriving at a conclusion. If Professor Greenleaf's definition of damages is to be taken as the uniform test, applicable to all cases, then we should say that defendants submitted a correct proposition, which should have been given to the jury. Greenleaf declares, that " Damages are given as compensation, recompense,

satisfaction to the plaintiff for the injury actually received by him from the defendant. They should be precisely commensurate with the injury ; neither more nor less ;" 2 Greenl. Ev., § 253. This doctrine in reference to damages cannot be universal in its application. It is not appropriate to all cases and to all kinds of damages. It is not applicable to exemplary damages, nor to all cases where damages cannot be ascertained by actual computation.

It would seem that Professor Greenleaf's extreme views as to damages are not justified by the authorities, and are well refuted by Sedgwick; see Law Reporter of June, 1847; Sedgwick on damages, pp. 453 to 472; 6 Peters, 262, 282 ; 3 ib., 69; 10 ib., 80, 95; 3 Mass, 546; 10 ib., 459, 470, 473; 13 Pick., 451; 15 ib., 297; 1 Washington, 152; 3 John., 56, 64; 2 Mason, 120; 15 Conn., 225, 267; 6 Watts and Serg., 150 ; 13 Alab., 490, 502; 2 Martin, 257; 3 Scam., 378; 4 ib., 495; 2 Gil., 432, 436.

In a case of gross negligence on the part of a stage proprietor, such as the employment of a known drunken driver, and where a passenger has been injured in consequence of such negligence, we think exemplary damages should be entertained.

The term, exemplary damages, as contra-distinguished from actual damages, does not appear to be an entire stranger to the law, as shown by the authorities already cited.

If a stage proprietor or carrier is guilty of gross negligence, it amounts to that kind of gross misconduct which will justify a jury in giving exemplary damages, even where an "*intent* or *design*" to do the injury does not appear. The reason and necessity for this rule is becoming yearly more apparent. The consequences of such negligence on the part of carriers, is becoming more and more appalling. The alarming increase of railroad, steamboat and stage disasters, the frightful destruction of life, and limbs, and property, call loudly for a strict enforcement of the most exemplary rules, in reference to common carriers. If a stage proprietor employs a driver known to be drunken

and careless, a more severe measure of damage should be awarded to the injured party, than in a case where some degree of care and diligence had been exercised by the proprietor.   This principle appears to be favored in *McKinney* v. *Neil*, 1 McLean, 540.   It was held, that the passenger need show nothing more than that the injury was occasioned by the upsetting of the stage coach, in order to sustain his action.   It will then be incumbent on the defendant to show *by way of reducing the damages*, or in bar of the action, the circumstances of the case.

We conclude, then, that in refusing the instructions referred to under this head, the court did not err.

4. Appellants complain that the court refused to instruct the jury, that the making of a tender is no confession or admission of any liability on their part.   We think this objection is without any foundation in reason or authority. In 2 Greenl., § 600, it is declared, that the plea of tender admits the existence and validity of the debt or duty ; 7 John., 315; 2 Archbold's Prac., 184; 13 East., 202; 1 Bos. and Pull., 333; 2 ib., 392.

The court could not do otherwise than refuse the instruction asked by defendant, for it is not law.   The very reverse of the proposition is true.   A tender admits the liability or indebtedness to the amount of the sum tendered.   So this court decided in *Johnson* v. *Triggs*. [a]

Judgment affirmed.

*Smith, McKinlay* and *Poor*, for appellants.

*Cook* and *Dillon* and *Wm. G. Woodward*, for appellee.