THE STATE, Respondent, v. McDONALD, Appellant.

1. In the case of an indictment for adultery, the declarations and admissions of the defendant are competent evidence to prove that he was a married man at the time of the alleged adultery.

*Appeal from St. Louis Criminal Court.*

This was an indictment for adultery. Upon the trial the State, to prove the marriage of the defendant, Robert McDonald, at the time of the alleged adultery, offered the declarations of defendant, made before and after the alleged adultery, to the effect that Rebecca McDonald was his wife, and that he had intermarried with her in the state of Pennsylvania. The court admitted these declarations against the objection of defendant. The court gave the following instruction to the jury: "If you believe that defendant acknowledged a woman named Rebecca McDonald to be his

State v. McDonald.

wife and lived with her as such, this is competent evidence of his marriage for your consideration; and if from these circumstances you are satisfied beyond a reasonable doubt that defendant was lawfully married to the said Rebecca, you should find the fact of his marriage for the State." The following instructions asked by the defendant were refused: "Mere evidence of cohabitation of the defendant with Rebecca McDonald, and his holding her out to the world, is no proof of marriage; and unless the jury have other evidence of marriage, they should acquit. In a case of this character marriage can only be proven, 1st, by persons who were present at the marriage; or, 2d, by the certificate of marriage, or the record evidence of the same; that in a prosecution for adultery, marriage can not be proven by the admission of the defendant." Other instructions were given and refused. It is unnecessary to set them forth.

*N. McDonald*, for appellant.

I. The court erred in refusing the instruction asked by defendant. Though there are some decisions to the effect that in prosecutions for bigamy, adultery, &c., the confessions of the defendant are sufficient to establish the fact of marriage, the preponderance of opinion is the other way. (See R. C. 1845, p. 730 ; Whart. C. L. 759 ; Morris v. Miller, 4 Burr. 2057 ; Birt v. Barlow, Dougl. 171 ; 1 Selw. N. P. 14 ; 3 Black. Com. 140 ; 1 Carr. & Kir. 164 ; 2 Wils. 399 ; Leader v. Barry, 1 Esp. 353 ; Commonwealth v. Littlejohn, 15 Mass. 163 ; Commonwealth v. Norcross, 9 Mass. 492 ; People v. Humphrey, 7 Johns. 314 ; Fenton v. Reed, 4 Johns. 53 ; The State v. Roswell, 6 Conn. 446 ; Kerby v. Rucker, 1 A. K. Marsh. 290 ; 15 Mass. 163 ; 7 Greenl. 57 ; 8 id. 75 ; Swift's Digest, 501 ; Arch. C. P. 475 ; Jackson v. People, 2 Scam. 231.)

*H. A. Clover*, for the State, cited Morgan v. The State, 11 Ala. 289 ; State v. Hilton, 3 Rich. S. C. 434 ; Mary Norwood's case, 1 East. —— ; Commonwealth v. Werner, 2 Va. Cas. 95 ; State v. Britton, 4 McCord, 256 ; Commonwealth v.

Murtagh, 1 Ashm. 272; Forney v. Hallacher, 8 S. & R. 160; 16 Ohio, 173; Cook v. The State, 11 Georg. 53.

RYLAND, Judge, delivered the opinion of the court.

This was an indictment against Robert McDonald for adultery. He appeared to the indictment and pleaded "not guilty." There was a trial, and the defendant was convicted. He moved for a new trial, which being denied, he brings the case here by appeal.

The only question for our determination is, whether defendant's confession that he was married was competent evidence. On the trial below, the State, to prove the marriage of defendant at the time of the alleged adultery, &c., offered the declarations of the defendant, made before and after the alleged adultery, to the effect that the said Rebecca was his wife, and that he had intermarried with her in the state of Pennsylvania. The defendant objected to the introduction of such evidence as incompetent to prove a marriage in fact; but the court overruled the objection, and let in the evidence. The defendant saved the point, and this is the only question in the case.

Greenleaf, in his treatise on evidence, (1 Greenl. Ev. § 215,) says: "Subject to these cautions in receiving and weighing them, it is generally agreed *that deliberate confessions of guilt* are among the most effectual proofs in the law." "Their value depends on the supposition that they are deliberate and voluntary, and on the presumption that a rational being will not make admissions prejudicial to his interest and safety, unless when urged by the promptings of truth and conscience." In the same treatise, (2 Greenl. Ev. § 45, tit. Adultery,) it is said: "As to proof by *the confession* of the party, no difference of principle is perceived between this crime and any other. It has already been shown that a deliberate and voluntary confession of guilt is among the most weighty and effectual proofs in the law." In Cayford's case, 7 Maine, 57, it was held that in an indictment for lewd cohabitation, adultery or bigamy, the prisoner's confession of the fact of his

marriage is sufficient proof of the fact. In this case, Mellen, C. J., said : " Nothing is more clear than that proof of the voluntary confession of a man, on trial for adultery or lascivious cohabitation, that he is guilty of the crime charged, is legal evidence, and, in the absence of controling evidence, is abundantly sufficient ; and the reason why his confession, that he was a married man at the time of committing the offence charged, should not be good also is not very apparent." In Morris v. Miller, 4 Burrow, 2057, Lord Mansfield said that " In case of bigamy, as well as in *crim con.*, it is essential to prove marriage in fact as distinguished from the acknowledgment of the parties. The cases however are different. In the civil action the plaintiff demands damages which he has no right to recover unless there has been a legal marriage between him and the woman with whom the defendant is charged to have committed the adultery ; and in such a case the confession of the defendant, who may be a total stranger to the marriage, will amount only to an acknowledgment of a marriage by reputation. In that light the court viewed the confession of Miller as to the alleged marriage between Mr. and Mrs. Morris. But in a prosecution against a man for bigamy, adultery, or lascivious cohabitation, the confession of the defendant is of a different character. It is the confession of one who must certainly know whether the fact confessed is true or false." Justice Buller, speaking of the case of Morris v. Miller, says : " The evidence of the defendant's confession was not sufficient, for it was only a confession of the reputation that she went by the name of the plaintiff's wife, and not a confession of the marriage." " This case, instead of proving that a full and voluntary confession of the marriage was not sufficient to prove it, seems clearly to justify a different conclusion, and such a conclusion Phillips has drawn." (Buller's N. P. 28 ; 2 Phill. Ev. 211.) Phillips says, speaking of Morris v. Miller : " This decision does not warrant the conclusion that a distinct and full acknowledgment of the marriage, made by defendant himself, will not be evidence of the fact against him, and sufficient to dispense

with the more formal and strict proof of marriage." In Rigg v. Curgenvan, 2 Wilson, 399, where the case of Morris v. Miller was cited, it was said by the court that, "if it were proved that defendant had seriously recognized that he knew the woman to be the plaintiff's wife, it would be evidence proper to be left to the jury without proving the marriage." East, in his Pleas of the Crown, 471, speaking of this acknowledgment by a defendant, says : " With respect to such evidence of a bare acknowledgment, it may be difficult to say that it is not evidence to go to the jury like the acknowledgment of any other matter *in pais*, where it is made by a party to his own prejudice at the time." In Regina v. Simmons, 1 Carr. & Kir. 164, it was held that the first marriage may be proved by the admissions of the prisoner in a prosecution for bigamy. In Jacob Warner v. The Commonwealth, 2 Virg. Cas. 95, the acknowledgment of the husband that he is married, and his cohabitation with the woman as his wife, are proper evidence of the first marriage in a prosecution for bigamy in Virginia. In this last case, the cases of Morris v. Miller, and Birt v. Barlow, Dougl. 172, are commented on and considered not to be contrary to this doctrine. In South Carolina, on a trial for bigamy, the first marriage may be proved by the declarations of the defendant and evidence of cohabitation. (State v. Hilton, 3 Rich. 434 ; The State v. Britton, 4 McCord, 256.) In Alabama similar confessions are admissible. (Morgan v. State, 11 Ala. 289.) In Ohio, on an indictment for bigamy, the admissions of the defendant as to a prior marriage, may be given in evidence to prove the fact of such marriage. (16 Ohio, 173.) In this case the cases of People v. Humphrey, 7 Johns. 314, Morris v. Miller, Birt v. Barlow, State v. Roswell, 6 Conn. 446, were cited in the argument. In Georgia admissions of the defendant as to the fact of his marriage are admissible in evidence. (Cook v. State, 11 Georg. 54.) This case was decided in 1852, and many of the cases upon the same subject are reviewed. The cases from Massachusetts and New York and Connecticut are noticed by the

State v. McDonald.

court; also those from Pennsylvania. In Commonwealth v. Murtagh, 1 Ashmead, 272, the confessions of the defendant, in a prosecution for bigamy, are held to be adequate evidence of the marriage. In Forney v. Hallacher, 8 Serg. & Raw. 160, in an action of *crim. con.*, the declaration of the defendant, that he knew A. B. was married to the plaintiff and that with full knowledge of that fact he had seduced her affections and debauched her, may be given in evidence in proof of the marriage. Ch. J. Gibson said: " The question is supposed to depend on the authority of Morris v. Miller, in which it is held that proof of actual marriage was requisite in contradistinction to proof of cohabitation, reputation and other circumstances, from which a marriage might be inferred. That case, for every thing decided in it, is good authority; for nothing is more certain than that to support an action for criminal conversation there must have been an actual marriage. But it is quite another thing to say that such a marriage shall be proved only by the oath of an eye-witness to the marriage ceremony. We at once feel the good sense of the rule that excludes the mere representation of marriage which always arises from the declarations or acts of the plaintiff himself; but how a defendant's unqualified and positive acknowledgment of a marriage in fact can be excluded on any principle or rule of evidence, I am at a loss to discover."

I have not considered it necessary to comment on or to notice in this opinion the various decisions against this evidence. I have examined the cases referred to in New York, Massachusetts, Connecticut and Kentucky. Upon a full examination of the authorities, both elementary and of decided cases, we are unanimously and clearly of the opinion that such evidence is competent. The court therefore committed no error in receiving it; nor in refusing the instructions asked for by defendant in regard to it. Let the judgment be affirmed; the other judges concurring.