## STEVENS *v.* REED.

$\frac{37}{70}$   $\frac{49}{315}$

In an action of dower, cohabitation, reputation and reception by the family as husband and wife, are evidence of marriage.

In such case, possession by the husband, unless impeached or explained, is conclusive evidence of title.

The affidavit of a party is sufficient proof of the loss of a deed to allow secondary evidence to be received.

A widow, not having a right to the custody of her husband's deeds, may, after proof of her marriage and of her husband's possession and death, use an office-copy of his deed, without proof of the loss of the original.

A demand of dower may be signed by attorney. If the widow claims the benefit of such demand by bringing her action upon it, that is competent proof of the attorney's authority.

Such a demand will not be vitiated by its requiring the dower to be set off in thirty days. The statute does not require any time to be specified in the demand.

WRIT OF DOWER, sued out on the 20th of March, 1855. The plaintiff claims as widow of Isaac Stevens. The pleas were, that said Isaac was not so seized that the plaintiff could be entitled to dower; that the plaintiff was

never the wife of said Isaac; and that the land described in the writ was not in a state of cultivation, nor used as a wood or timber lot.   Issues were joined on each plea.

The plaintiff offered evidence tending to show that from about 1812 she lived with said Isaac most of the time till his death, about eight years ago; that she was reported his wife, bore his name, was received and treated as such by his family connexions, and that they had several children, and that no doubt was ever expressed that she was his wife : That for about four years, commencing in 1819, they resided on a farm of about one hundred acres, of which the land described in the writ was part; that said Isaac had the exclusive occupation of said farm during that time; sold wood and timber from it, and cut wood upon it for his own fires; that part of the portion of the farm described in the writ had been cleared and cultivated before Isaac occupied it, and that he pastured the part thus cleared while he lived on the farm, and that he cut wood for fuel on the other part of it.

To prove title to said Isaac, in addition to the above evidence, the plaintiff offered an office-copy of a deed, purporting to be executed in 1819, by one Benjamin Stevens to said Isaac.   The defendant objected to this copy.   The plaintiff offered her affidavit to show the loss of the original deed, as follows :

"I, Susan Stevens, of, &c., on oath depose and say, that I have made diligent search and inquiry for a deed of Benjamin Stevens to my late husband, Isaac Stevens, of a lot of land, containing about one hundred acres, more or less; being the same farm on which I lived with my late husband, for several years, in 1819, and afterwards.   There never has been any administrator of my late husband's estate, so far as I know.   His papers were all kept, as I suppose and believe, in the house where I now live, at the time of his death, and I have examined them, and looked in every part of the house, but cannot find any thing of

said deed. I have no knowledge of where said deed now is, although at the time we moved on to said farm I knew that such a deed was given; think I saw it executed by Benjamin Stevens and wife. I think said deed has been lost. Signed," &c.

To prove a demand of dower, the plaintiff offered a paper, which was served on the defendant on the 26th of February, requesting him to set out her dower within thirty days, and which was signed, " Susan Stevens, by her attorneys, Cross and Topliff."

The defendant objected that this demand was insufficient, in that it mentions the term of thirty days, and not *one month*, as provided by the statute; and because it is signed by attorneys, and not by the plaintiff herself; and because the attorneys do not appear to have been empowered in writing to make such demand.

The court ruled that there was competent evidence upon which the jury might find that the plaintiff was the wife of said Isaac; and that said Isaac was seized in fee simple of the premises described in the writ, during the coverture; and that the said premises were then used as a wood and timber lot; and that said demand of dower was sufficient. But the court ruled that the affidavit of the plaintiff was not sufficient to entitle her to offer in evidence an office-copy of the deed to Isaac.

The defendant excepted to all the foregoing rulings of the court, except the last, and consented to a verdict for the plaintiff.

*Cross & Topliff*, for the plaintiff.

The statement of the case shows the land to be dowable. It shows marriage and death of the husband. The demand was in writing, and one month passed before the commencement of this suit. Possession, with the accompanying acts during marriage, prove *primâ facie* seizin in the demanded premises.

Stevens *v.* Reed.

Common repute and cohabitation are *primâ facie* evidence of marriage. Comp. Stat., ch. 159, sec. 19; *Young* v. *Foster*, 14 N. H. 114; *Pettengill* v. *McGregor*, 12 N. H. 184; *State* v. *Winkley*, 14 N. H. 480.

A widow is dowable in any land which has been reclaimed, and has not intentionally been permitted to revert to a state of nature, and in woodland attached to a cultivated farm. *Johnson* v. *Perley*, 2 N. H. 56; *White* v. *Willis*, 7 Pick. 143; *Shattuck* v. *Gray*, 23 Pick. 88.

The demand of dower was sufficient in point of time. Comp. Stat., ch. 218, sec. 2. The widow shall make demand in writing of her dower, and if the same is not set off within one month, she may sue for and recover the same. The effect of this is merely to prevent the widow from bringing her action in less than one month after demand. The Revised Statutes, ch. 1, sec. 7, provided that the word *month* shall be construed to mean a calendar month, unless otherwise expressed. The demand of dower was served on the 16th of February; the calendar month expired on the 17th of March. This suit was not commenced until the 20th of March.

The signature of the demand was sufficient. The court, in *Payne* v. *Smith*, 12 N. H. 38, says: "Where a demand is made by attorney, the party has a right to require reasonable evidence of the authority of the individual to make it. But if no exception is taken at the time, then a subsequent commencement of a suit by the party in whose behalf it was made, is a ratification of it, and is *primâ facie* evidence at least that it was made by his authority." And again, in the same case: "And in case of a demand, if the individual makes no objection at the time, he is precluded from afterwards objecting, where the demand is ratified and suit brought upon it."

Cross & Topliff are attorneys of record in this suit, and by law presumed to be the legal agents of the plaintiff in this suit. And it is said, in *White* v. *Hildreth*, 13 N. H.

108, that whatever a party can properly do, and which is necessary to be done in order to the proper commencement of an action, and the prosecution of the same to its legitimate results, in due course of law, and is part and parcel of the proceedings in the action, an attorney employed to conduct the action is authorized by his employment to do.

The acts of the husband show that he was in possession during marriage, claiming ownership, and exercising the acts of ownership, and this is *primâ facie* evidence of seizin in the husband at that time. Ad. Eject. (4th ed.) 324; *Lund* v. *Parker*, 3 N. H. 50; *Straw* v. *Jones*, 9 N. H. 400.

A sufficient foundation was laid by the affidavit for the introduction of the office-copy of the deed, especially as this is an ancient deed. The reason of the rule that the deed under which the demandant claims title must be produced, is that it is presumed to be in his control or possession; therefore an affidavit, showing that the demandant has it not in his possession or control, and has no knowledge of where it is, is sufficient to admit an office-copy from the registry of deeds. *Woods* v. *Gassett*, 11 N. H. 442; *Forsaith* v. *Clark*, 21 N. H. (1 Foster) 424.

*G. W. Morrison*, for the defendant, and

*H. Foster*, for the warrantor.

BELL, J. Cohabitation, reputation and reception by the family as husband and wife, are evidence of marriage in actions of dower, is shown by the cases cited by the plaintiff, and many cases elsewhere. *Hammick* v. *Branson*, 5 Day 290; *Jackson* v. *Clare*, 18 Johns. 346; *People* v. *Humphrey*, 7 Johns. 314; *Newburyport* v. *Boothbay*, 9 Mass. 414; 3 Stark Ev. 939; Bull. N. P. 112; 1 Cowen & Hill's Notes to Ph. Ev. 232.

Possession is evidence of title, whether of real or personal property, which is conclusive, unless impeached or

explained.    See authorities citied for the plaintiff, and
*Gibson* v. *Bailey*, 9 N. H. 168; *Young* v. *Foster*, cited above;
*Bassett* v. *Salisbury Co.*, 28 N. H. (8 Foster) 453; *Knight* v.
*Marris*, 3 Fair. 43; *Jackson* v. *Waltermire*, 5 Cowen 299.

The evidence of the condition of the pasture, and of
its use as such, and of the use of the residue as a wood-
lot, is direct and uncontradicted.  Of such land the author-
ities cited by the plaintiff show the widow is dowable.
Revised Statutes, ch. 165, sec. 4.

The positions taken by the plaintiff relative to the de-
mand are well sustained by the authorities cited.  Besides,
the statute does not require that any time should be stated
in such demand for the assignment, and the mention of
thirty days was merely surplusage.

. The case of a demand of dower differs from that of a
demand of a debt, as rent, or of personal property, where
the party is at once placed in default, if he does not imme-
diately make the payment or delivery; because the
demand for dower is required by the statute to be in writ-
ing, and no default arises until the expiration of thirty
days, if the demand is not complied with.   Rev. Stat., ch.
205, sec. 2.

The widow is not bound to produce her husband's deed,
because it is not presumed to be in her power.   *Jackson* v.
*Waltermire*, 5 Cowen 301.   She falls within the common
rule, that a party, after proof of the original deed to him-
self, or of his title by descent, or devise, or otherwise, may
use an office-copy of a deed to which he is not party, but
which constitutes part of his claim of title, without show-
ing the loss of the original.   *Harvey* v. *Mitchell* 31 N. H.
(11 Foster) 582; *Sanborn* v. *Sanborn*, Rockingham, 1858.

Parties and persons interested are competent to prove
the loss of a written instrument, to authorize second any
evidence of its contents.   1 Cow. & Hill's Notes to Ph. Ev.
50; *McNiel* v. *McClintock*, 5 N. H. 357; *Curry* v. *Rogers*,
21 N. H. (1 Foster) 252, and cases cited for plaintiff.   An

affidavit was the proper mode of proof. *Woods* v. *Gassett*, 11 N. H. 448. It should show that search had been made in those places where it would most probably be found. *Jackson* v. *Russell*, 4 Wend. 543; *Jackson* v. *Betts*, 9 Cowen 208; *Pickard* v. *Bailey*, 26 N. H. (6 Foster) 166; *Downing* v. *Pickering*, 15 N. H. 344; and it should exclude all presumption that this party may have the writing in his own possession, or know where it is. 11 N. H. 448, above. These things are done; so that, if proof were necessary, it seems to be sufficient.

*Judgment on the verdict.*