The State v. Gonce.

THE STATE v. GONCE, *Appellant.*

1. **Bigamy**: PLEADING. An indictment for bigamy drawn in the language of the statute is sufficient.

2. —— : EVIDENCE. On a trial for bigamy, the State, to prove the first marriage, gave evidence that defendant and the woman lived together and held themselves out to the world as man and wife for years ; that they had a family of children living with them as their children ; that she had signed and acknowledged deeds as his wife ; and that after the bigamous marriage she had sued for a divorce, he had answered and the court had granted her a divorce. *Held,* that this evidence was all competent.

3. **Parol Evidence** is admissible to show that a paper offered as a certified copy of a decree is a forgery.

4. **Reasonable Doubt.** In every criminal case the defendant is entitled to an instruction as to reasonable doubt; and it is error for the court to refuse it, no matter how clear the evidence may seem against him.

*Appeal from Stone Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*Davis & Heffernan* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

EWING, C.—In 1879 the appellant was indicted for bigamy in Stone county, was convicted and sentenced to imprisonment in the penitentiary for two years. He brings the case here and asks its reversal: 1st, Because the indictment is insufficient. 2nd, Because the court admitted incompetent evidence. 3rd. Because the court gave and refused improper instructions.

I. The indictment is sufficient. It charges the offense specifically in the language of the statute. It contains all 1. BIGAMY: pleading. the elements necessary to constitute a valid indictment for bigamy. " The grand jurors for the State of Missouri, summoned from the body of Stone county, empanelled, charged and sworn, upon their oaths present that Abraham R. Gonce, late of the county aforesaid, on the 10th day of April, 1877, at the county of Stone aforesaid, did unlawfully and feloniously, marry and take to wife, one Martha Ann Keithley, and to her, the said Martha Ann Keithley, was then and there married ; he, the said Abraham R. Gonce, then and there having a wife living, to-wit : Mary A. Gonce ; against the peace and dignity of the State." 2 Arch. Crim. Plead. and Prac., p. 1813, Pomeroy's notes ; *Commonwealth v. Jennings,* 121 Mass. 47 ; s. c., 23 Am. Rep. 249.

II. The evidence of the first marriage consisted of living together and holding out to the world the relation 2. ——: evidence. of man and wife for years ; that defendant called Mary A. Gonce his wife and treated her as such ; had a family of children living with them as their children ; also tending to prove that the woman had signed and acknowledged deeds as his wife ; also records of Christian county showing a petition for divorce by Mary A. Gonce against A. R. Gonce, his answer thereto, and the judgment of the court granting the prayer of the petition in Septem-

ber, 1878. *Cargile v. Wood*, 63 Mo. 513; 11 Me. 391; *State v. McDonald*, 25 Mo. 176. The proof of the second marriage was by the minister who solemnized it on the 10th day of April, 1877, and also the record of the marriage certificate,

The defendant offered a copy of a decree of divorce of a Kentucky court dated in 1857, of A. R. Gonce against

3. PAROL EVIDENCE. Mary A. Gonce, which was not certified as the law directs, (R. S. 1879, § 2321,) and was not competent evidence; but it was introduced without objection on the part of the prosecution. In rebuttal thereof the State called various witnesses whose evidence very strongly tended to prove that this pretended record and clerk's certificate were in the handwriting of the defendant. To this evidence the defendant objected. There is no objection to this evidence. Wharton Crim. Ev., (8 Ed.) §§ 552, 553. There was no contradiction here of a record of a court. If a genuine record, its contents cannot be changed or modified by parol. But any evidence is admissible to show, or that tends to show, it is a fraud; that it is in fact not a record but a forgery. *Thorn v. Insurance Co.*, 80 Pa. St. 15; *s. c.*, 21 Am. Rep. 89; *Lowry v. McMillan*, 8 Pa. St. 164; Wharton Crim. Ev., § 595.

III. The instructions given on the part of the State were substantially correct, and defendant was not injured

4. REASONABLE DOUBT. by them. But the defendant asked the court to declare the law in his behalf as follows: "The burden of proof to establish the guilt of defendant devolves upon the State, and the law clothes him with a presumption of innocence which attends and protects him until it is overcome by testimony which proves his guilt beyond a reasonable doubt. By a reasonable doubt, is meant a substantial doubt, based upon the evidence or want of evidence in the case, and not a bare possibility of defendant's innocence." This instruction should have been given. It is the law in all criminal cases. That part of the instruction as to a reasonable doubt is usually asked

and given on the part of the State, defining what is meant by a reasonable doubt. But even though it may appear to the court there can be no grounds for a reasonable doubt, yet the accused must have the opinion of the triers of the fact upon that question. This instruction should have been given for the defendant, and the court committed error in refusing it.

The judgment must, therefore, be reversed and the case remanded; the other commissioners concurring.