THE STATE v. JENKINS, *Appellant.*

### Division Two, June 8, 1897.

1. **Bigamy:** INDICTMENT. An indictment for bigamy is examined and held sufficient. It was not necessary in such indictment to negative the exceptions mentioned in section 3791, Revised Statutes 1889.

2. ———: PROOF OF FORMER MARRIAGE. It is not ·necessary in a trial for bigamy that the defendant's marriage to the alleged former wife be proven by an eyewitness to the ceremony. The evidence in the case at bar was that in 1886 defendant and a woman came from New York to Nebraska and lived together as husband and wife, and that while they so lived together two children were born to them, and she was introduced as his wife and held out to the world as such by him; by his admissions she was his wife and the mother of his three children, and he claimed to have been divorced from her; *held* to be ample evidence to prove the former marriage.

*Appeal from Johnson Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Defendant questions the sufficiency of the indictment. It has been properly held by this court that an indictment for bigamy, if drawn in the language of the statute, is sufficient. *State v. Gonce*, 79 Mo. 600; *Commonwealth v. Jennings*, 121 Mass. 47; *State v. O'Brien*, 74 Mo. 550; *State v. Cox*, 32 Mo. 566; *State v. Shiflett*, 20 Mo. 417. (2) It is a principle so well known to this court as to require no citation of authority that where an inference of guilt can be reasonably drawn from the testimony introduced, the court will not undertake to pass upon the weight of

such testimony by giving a peremptory instruction. (3) In the light of former decisions the provisions and exceptions created by section 3991 are matters belonging exclusively to the defendant as proper and legal defenses; they are not required to be negative in the indictment, and hence no instructions as to them are necessary unless warranted by the evidence, and then only upon such exceptions as are brought into question. (4) Defendant insists that the court permitted leading questions to be asked. Refusal to sustain an objection as to a leading question is not reversible error. Such matters rest within the sound discretion of the trial court.

GANTT, P. J.—The defendant appeals from a conviction of bigamy in the criminal court of Johnson county, Missouri.

The indictment is in these words:

"The grand jurors for the State of Missouri, impaneled, sworn and charged to diligently inquire within and for the body of the county of Johnson, in the State of Missouri, upon their oaths present and charge that Charles F. Jenkins, late of the county of Johnson and State of Missouri, on the twelfth day of March, 1895, at the said county of Johnson and State of Missouri, unlawfully and feloniously did marry and take to wife one Myra L. Marsh, and to her, the said Myra L. Marsh, was then and there married; he, the said Charles F. Jenkins, then and there having a wife living, to wit, Martha Jenkins, against the peace and dignity of the State."

He was duly arraigned at the January term, 1897, and entered his plea of not guilty. He was tried and a verdict of guilty returned and his punishment assessed at three years in the penitentiary. In due time he

filed motions for a new trial and in arrest of judgment, which were overruled.

I. The indictment is sufficient. It is identical in averments with one approved by this court in *State v. Gonce*, 79 Mo. 600. It was not necessary to negative the exceptions contained in section 3791, Revised Statutes 1889. They are matters of defense. *State v. Bockstruck*, 136 Mo. 335, and cases cited.

II. The indictment was preferred in the county of Johnson in which the second and unlawful marriage is charged to have been consummated. This second marriage was proven by the license issued to him March 12, 1895, by the recorder of deeds of Johnson county authorizing the marriage of said defendant and Myra L. Marsh, and the return of the probate judge of said county, certifying that he united said parties in marriage on the same day in said county. Also by the testimony of Probate Judge Gibson to the fact of having performed the ceremony and to the identity of the prisoner as a party to the marriage.

A former marriage of defendant to Martha Jenkins was shown by evidence that in 1886 or 1887 the defendant and Martha Jenkins came from New York to the State of Nebraska and lived together as husband and wife; that two children were born to them during their cohabitation as such in Nebraska; that the said Martha Jenkins was introduced as his wife and held out to the world as such. It was also shown by the admissions of defendant that she was his wife and that he claimed to have obtained a divorce from her, which claim he afterward confessed was false; that he was the father of three children by her. He based his defense in part on the fact that he had not seen or heard of said Martha Jenkins for more than seven years; that he had deserted her some time in 1887 in Nebraska and went to Wyoming, thence to Colorado, thence to Mis-

souri.   The defendant is not represented by counsel in this court and we have been compelled to read the record at length.   From the instructions asked in behalf of defendant we conclude his theory was that nothing short of proof of the first marriage by an eyewitness to the marriage ceremony would establish the first marriage. Whatever may be the law in some other jurisdictions, this is not the law in Missouri.   In *State v. McDonald*, 25 Mo. 176, this question was before this court and Judge Ryland reviewed the then reported cases both in England and in the United States and reached the conclusion that the admissions or declarations of defendant to the effect that the alleged former wife was his wife and that he had been married to her, were competent evidence of such marriage.   In this case, in addition to his declarations and admissions of marriage, there was ample evidence of neighbors to the facts of the cohabitation as husband and wife in Nebraska, and of the general reputation that they bore that relation, and of the birth of their children. This additional proof brought the case clearly within the rule laid down by Judge Wagner in *Cargile v. Wood*, 63 Mo. 501.   These two cases were cited, approved and relied upon by this court in *State v. Gonce*, 79 Mo. 600, and have since been followed in *State v. Cooper*, 103 Mo. 266.

The demurrer to the evidence was properly overruled.   There was ample evidence to support the finding of a former and existing marriage at the time of the last marriage.

II.   The other instructions need not be specifically mentioned or incorporated in this opinion.   They are such as have been uniformly approved by this court.

The evidence indicates that the defendant richly deserved the punishment meted out to him by the jury and the judgment is affirmed.   SHERWOOD and BURGESS, JJ., concur.