## THE STATE v. JOHN CAULDER, Appellant.

Division Two, December 3, 1923.

1. **APPEAL: Motion Filed After Sentence: Determined on Record Proper.** Where defendant's motion for a new trial was not filed until three days after sentence was entered on the verdict, his bill of exceptions cannot be considered, and only the record proper is for review.

2. **INFORMATION: Bigamy: In Language of Statute.** An information in the language of the statute (Sec. 3510, R. S. 1919) denouncing the act of a single person in knowingly marrying another person having a husband or wife living, is a sufficient charge of bigamy.

3. **ALLOCUTION: Must Appear from Record.** Under the statute (Sec. 4057, R. S. 1919), unless a motion for a new trial or in arrest has been previously filed and heard, an allocution is mandatory in felony cases before judgment can be legally entered against a defendant who has been convicted by proper verdict of a jury; and unless such motion has been filed and heard before sentence and judgment, it must affirmatively appear from the record upon appeal that the trial court informed defendant of the verdict of the jury and asked him whether he had any legal cause to show why judgment should not be pronounced against him, and in the absence of such affirmative showing by the record the judgment must be reversed, and the cause remanded in order that defendant may be brought before the court for allocution and judgment. *Held*, by WALKER, J., dissenting, *first*, that in the absence of any affirmative showing in the record that the trial court did not inform defendant of the verdict of the jury and asked him whether he had any legal cause to show why judgment should not be pronounced against him, the presumption of regularity in the proceedings of courts acting within the scope of their jurisdiction should be indulged; and, *second*, the record showing a motion for a new trial was filed three days after judgment was entered and was overruled, said motion, although not reviewable on appeal because filed after judgment entered, necessarily carried on its face proof that defendant knew that a verdict had been rendered against him, and the primary purpose of an allocution being to inform the accused of the verdict the statute (Sec. 4058, R. S. 1919) declaring that "if the defendant has been heard on a motion for a new trial . . . the requirements of the next preceding section" (re-

quiring an allocution before judgment is pronounced) "shall be deemed directory" should be held to apply, and to remand·the case in order that the record may be made to show an allocution before judgment, if it does not now show such fact, is a useless proceeding, causing unnecessary delay, and an affirmance of the judgment on the record proper would in no wise deprive defendant of a substantial right.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED AND REMANDED.

*Jesse W. Barrett,* Attorney-General, and *Robert W. Otto,* Assistant Attorney-General, for respondent.

(1)   The record proper shows that the motion for new trial was not filed until three days after sentence and judgment had been pronounced upon appellant. This court is therefore precluded from considering on appeal anything but the record proper. Sec. 4079, R. S. 1919; State v. Pritchett, 219 Mo. 704; State v. Fraser, 220 Mo. 34; State v. Currier, 225 Mo. 651; State v. Kile, 231 Mo. 59; State v. Thomas, 232 Mo. 216; State v. Stanley, 232 Mo. 23; State v. Briscoe, 237 Mo. 154; State v. Sparks, 263 Mo. 609; State v. Baird, 248 S. W. 597; State v. Keyger, 253 S. W. 363.   (2)   The information is sufficient.   It contains all the elements necessary to constitute a valid information for bigamy and fully informs the defendant as to the charge he must meet. Sec. 3506, R. S. 1919; State v. Gonce, 79 Mo. 600; State v. Jenkins, 139 Mo. 535.   (3)   In rendering judgment and pronouncing sentence upon appellant all the requirements of the law were fully complied with.   The judgment is in proper form, valid and sufficient.   Secs. 4055 to 4058, R. S. 1919; State v. Kile, 231 Mo. 62; State v. Kanupka, 247 Mo. 713; State v. Dunnegan, 258 Mo. 376.

DAVID E. BLAIR, P. J.—Convicted of bigamy, defendant has appealed from the judgment rendered upon

the verdict of the jury fixing his punishment at imprisonment in the penitentiary for two years.

Only the record proper is here for review, for the reason that the motion for new trial was not filed until three days after sentence was entered upon the verdict. Section 4079, Revised Statutes 1919, requires such motion to be filed before judgment. [See State v. Sparks, 263 Mo. 609; State v. Pritchett, 219 Mo. 696; State v. Baird, 248 S. W. 596; State v. Keyger, 253 S. W. 363.]

The information, under which defendant was duly arraigned and tried, was drawn under Section 3510, Revised Statutes 1919, which denounces the act of a single person in knowingly marrying another person having a husband or wife living. Said section supplements Section 3506, as limited by Section 3507.

The information follows the language of the statute and is in practically the language approved in State v. Gonce, 79 Mo. 600, and State v. Jenkins, 139 Mo. 535, and is sufficient.

The verdict is in the following form:

"We, the Jury, find the Defendant, John Caulder guilty as charged in the information, and we do assess his punishment at two years in the Penitentiary.

"JAS. W. BLACK, Foreman."

It is apparent that the verdict is in proper form.

However, it does not appear from the record proper that defendant was granted allocution as required by Section 4057, Revised Statutes 1919. In the record entry showing the trial, verdict and judgment and following the verdict which is set out *in haec verbae*, these words appear: "It is therefore sentenced, ordered and adjudged by the court that the said defendant, John Caulder, having been found guilty as aforesaid, be confined in the State Penitentiary for a period of two years, and that the sheriff of this county shall, without delay, remove and safely convey," etc. If defendant was informed of the verdict of the jury and asked whether he had any legal cause to show why judgment should not be pronounced against him, it does not appear in the record.

In State v. Dunnegan, 258 Mo. l. c. 376, and State v. Kile, 231 Mo. l. c. 62, this court held that allocution is mandatory in felony cases before judgment can be legally entered. The fact that Section 4058 provides that the requirement of allocution in misdemeanor cases and in cases where defendant has been heard upon a motion for a new trial or in arrest, shall be deemed directory, conclusively evidences the legislative intent that allocution is mandatory before sentence in felony cases, unless the defendant has theretofore been heard upon motions for new trial or in arrest. [State v. Kile, supra, l. c. 63; State v. Taylor, No. 24801, this day decided.]

What is now Section 4057, Revised Statutes 1919, first appeared as a new section in the Revised Statutes of 1879, as Section 1939, and has been carried without amendment through all subsequent revisions. It was held in State v. Ball, 27 Mo. 324, that the omission of a showing of allocution in the record was unimportant since that case was not a capital one. That decision was rendered in 1858 and prior to the enactment of Section 1939, Revised Statutes 1879, and such case is no authority upon the construction to be given the present statute.

In State v. Nagel, 136 Mo. 45, Judge SHERWOOD affirmed a felony case where the record did not show allocution, but in that case the motions for new trial and in arrest had been passed upon before defendant was sentenced and the judgment was saved by the provisions of what is now Section 4058. The same situation existed in State v. Kanupka, 247 Mo. l. c. 713. In the case at bar sentence was pronounced three days before the motion for new trial was filed.

There can be no question under our statute that allocution was necessary in the case at bar. The only remaining question to be considered is whether such allocution will be presumed where the record is silent upon the subject and it does not otherwise properly appear that the requirement was not complied with. On this subject this court has plainly spoken in State v. Dunnegan, supra,

and in State v. Kile, supra. In the Kile Case, Judge KENNISH said: "The failure of the record to show a proper allocution is an error occurring after the verdict, and does not affect the regularity of the proceedings before judgment, and therefore does not entitle the defendant to a reversal of the judgment and a new trial."

In State v. Dunnegan, supra, WILLIAMS, C., said: "Turning to a consideration of the record proper, we find the information and verdict are in proper form and that all proper steps were observed except that *it nowhere appears in the record that allocution was extended the defendant*. Respondent insists that 'although the record fails to show that allocution was extended the defendant, yet, the presumption obtains that the court below discharged its full duty in this respect.' We are unable to agree with the contention of the Attorney-General in this regard. The very purpose of the record proper is to show what transactions occurred in the case in the trial court (other than matters of exception which must be preserved by bill of exceptions)." (Italics ours.)

The failure of the trial court to inform defendant of the verdict of the jury and to ask him whether he had any legal cause to show why judgment should not be pronounced against him requires us to reverse the judgment entered against him and to remand the case to the trial court with directions to have defendant brought before said court for allocution and judgment, as provided by Section 4057, Revised Statutes 1919.

It is so ordered. *White, J.,* concurs; *Walker, J.,* dissents in separate opinion.

WALKER, J. (dissenting).—I do not concur in the majority opinion. The effect of the ruling therein is that the defendant was not given the right of an allocution or in the language of the statute (Sec. 4057, R. S. 1919), informed by the trial court of the verdict of the jury and asked whether he had any legal cause to show why judgment should not be pronounced against him,

and that this omission will necessitate a remanding of the cause.

This was an offense not capital and the alleged error did not require the reversal of the judgment. [State v. Stark, 72 Mo. 37; State v. Ball, 27 Mo. 324.] Under such circumstances the query arises as to whether a more wholesome disposition of the case than is made in the majority opinion, so far as this alleged error is concerned, would not have been to entertain the presumption of regularity permissible in regard to the proceedings of courts acting within the scope of their jurisdiction, and to have held that the defendant was not denied the right in question. This conclusion is given implied approval in the Stark and Ball cases, supra, and is expressly approved in Bond v. State, 23 Ohio, 349. More especially should the presumption have been entertained when, as at bar, the failure of the record to show an allocution is not complained of by the defendant.

This record, however, presents more cogent reasons, than may be afforded by a presumption, why this case in the absence of other errors should have been affirmed, instead of being remanded that the statutory inquiry as to the defendant's knowledge of the verdict might be propounded to him.

Supplemental to the requirement of the informatory or allocution statute (Sec. 4057) there is another (Sec. 4058, R. S. 1919) which provides: "If the defendant has been heard on a motion for a new trial, or in arrest of judgment, and in all cases of misdemeanor, the requirements of the next preceding section shall be deemed directory, and the omission to comply with it shall not invalidate the judgment or sentence of the court." The record demonstrates that a motion for a new trial was heard and overruled by the trial court. This being true the preceding section as to the allocution becomes directory and should have been so held.

Before discussing the record it is pertinent, as explanatory of the reason for the enactment of Section 4057 and its application under the conditions defined in

Section 4058, to state the origin of the custom of allocution. It originated when persons accused of crime were not allowed counsel and it was the duty of the court to see that no right to which the accused was entitled under the law had been denied him. Since counsel has been allowed, and other reforms in procedure in the protection of the rights of the accused during the progress of the trial have been inaugurated, there still remains in the statutes of this and other states a provision requiring an allocution before judgment. Legislatures evidently recognizing the archaic nature of these statutes have provided as in Section 4058 that the filing of the motion for a new trial shall be held to be notice to the accused of the verdict or, in other words, directory in its application.

It is held, however, in the majority opinion that a failure to file a motion for a new trial before judgment, as required by Section 4079, Revised Statutes 1919, will exclude the motion from consideration as determinative of the directory character of the allocution statute within the meaning of Section 4058, supra. This holding relies for its support upon what may be demonstrated to be the faulty reasoning of this court in State v. Kile, 231 Mo. 59, which cites as precedents for the conclusion there reached the cases of State v. Fraser, 220 Mo. 34, and State v. Pritchett, 219 Mo. 697. An examination of these cases shows that the rulings therein had reference solely to the manner in which the filing of the motion for a new trial should be considered upon appeal and that alone; the holding being that if the motions were not filed within four days after the verdict and before judgment only the records proper would be considered upon appeal. Concerning the correctness of this ruling as applied to a limitation upon the appellate court there can be no question. [State v. Whalen, 248 S. W. (Mo.) 392 and cases.] That however was not the question seeking solution in the Kile Case and in that at bar, which was the effect of the untimely filing of a motion for a new trial upon the statute requiring the allocution of the accused. A mo-

tion for a new trial has several purposes; its province in an appellate court is to point out the errors committed during the trial and to preserve the exceptions saved therein for review; in a trial court, it calls attention to the errors alleged to have been committed in order that they may be corrected by the trial judge so long as the case is *in gremio legis,* or more broadly speaking at any time during the term the judgment was rendered. Therefore, whenever the motion is filed in the trial court within, of course, the limit stated, it must, as a necessary consequence of its nature and purpose, carry on its face proof of the knowledge of the accused of the verdict, without which he could not have filed the motion. Possessed of this knowledge he has in this regard been deprived of no right and the allocution statute should, as to him, be held to be directory. The statutes here under review, if construed otherwise, will not only occasion unnecessary delay in the determination of the case—a matter entitled to more serious consideration than is sometimes given to it in appellate courts—but it will necessitate the useless procedure of remanding the case to ascertain if the accused has been informed as to the verdict when the record staring us in the face shows that in the filing of the motion for a new trial he was necessarily possessed of this knowledge and has in this regard been deprived of no right to his detriment. Judges NAPTON and HENRY so held in effect in the Stark and Ball cases, supra, which rulings were adopted by the court, and we would not err if we followed more closely the ancient landmarks. When the principles of the law are fixed, errors of construction are of infrequent occurrence; when in a state of flux they breed divergent conclusions often at the expense of justice.

This case instead of being remanded should, upon a showing that the record proper contained no errors, have been affirmed.