———o———

THE STATE OF MISSOURI, Respondent, *vs.* GEORGE ALEXANDER, *alias* MEMPHIS BILL, Appellant.

1. *Practice, criminal—Indictment for burglary in first degree— Conviction of, in second degree and of larceny.*—Where the language of an indictment and the facts proved constituted a case of burglary in the first degree, (Wagn. Stat., 454,) a verdict convicting defendant of burglary in the second degree is error, and will be set aside on appeal to the supreme court.

But in such case defendant may be found guilty of larceny.

*Appeal from St. Louis Criminal Court.*

*Colcord & Drewer,* for Appellant.

*Normile,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

It is contended, by the defendant in this case, that the judgment is erroneous because the indictment was for burglary in the first degree, and the evidence all tended to show that he was guilty of that offense, if any, but that the conviction was for burglary in the second degree and also for larceny. The indictment charged, that the defendant " with force and arms, about the hour of one of the clock in the night of the same day, the dwelling house of one Clemens Harig, there situate and being, and in which there was at the time a human being, feloniously and burglariously, did forcibly break and enter, with the intent the goods and chattels in the said dwelling house * * * to steal, take and carry away," etc.

The 10th section of the statute which defines burglary in the first degree, declares, that " every person who shall be convicted of breaking into and entering the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some felony or any larceny therein, either, first, by forcibly bursting or breaking the wall

or outer door, window, or shutter of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter; or, second, by breaking in, in any other manner, being armed with some dangerous weapon, or with the assistance and aid of one or more confederates then actually present aiding and assisting; or, third, by unlocking an outer door by means of false keys, or by picking the lock thereof, shall be adjudged guilty of burglary in the first degree." (Wagn. Stat., 454.)

The next succeeding section (11th) provides that every person who shall be convicted of breaking into a dwelling house with intent to commit a felony or any larceny, but under such circumstances as shall not constitute the offense of burglary in the first degree shall be deemed guilty of burglary in the second degree. It will be observed that the indictment sets forth all the facts which constitute the crime of burglary in the first degree under the tenth section. It was drawn upon that section and no other. Moreover, that is the only section in the statute upon the subject, that will sustain its averments. The proof corresponded with the indictment and showed that the means used in breaking into and entering the house, were in one of the identical modes designated in the section as constituting the crime of burglary in the first degree.

The entrance was effected by cutting out slats in the window shutter, and the shutter was then opened and the window raised. All these concurrent acts clearly fixed the grade of the crime, and applied it to the allegations contained in the indictment. It was, therefore, error in the court to instruct the jury that they should find the defendant guilty of burglary in the second degree. But the defendant was also found guilty of larceny, and separately sentenced for that offense. There are no objections whatever to this last judgment. The result then is, that the judgment convicting the defendant of burglary in the second degree must be reversed, and the one convicting him of larceny must be affirmed.

All the judges concurring, except Judge Sherwood, who is absent.