————o————

STATE OF MISSOURI, Respondent, *vs.* JOHN TURNER, Appellant.

1. *Practice, criminal—Joinder of charges—Election of counts.*—The charges of burglary and larceny, where relating to the same transaction, may be joined in the same indictment.   (Wagn. Stat. 455, ¿ 19.)   Nor is the State compelled, in such case, to elect on which charge it will proceed.

2. *Practice, civil—Instructions, etc.*—A case should not be taken from the jury when there is any evidence to sustain the issues.

3. *Instructions, refusal of not error, when.*—The refusal of instructions not applicable to the offense charged, or in lieu of which others are given, is not error.

### *Appeal from Webster Circuit Court.*

Appellant not represented.

*Jno. A. Hockaday, Att'y Gen'l,* for Respondent, cited: State vs. Alexander, 56 Mo. 131; State vs. Henley, 30 Mo. 511.

NORTON, Judge, delivered the opinion of the court.

The defendant was indicted by the grand jury of Webster county, charged with burglary in the second degree and grand larceny. The defendant was put upon his trial, the jury returning a verdict of acquittal on the charge of burglary, and a verdict of guilty on the charge of larceny. Motions for new trial and in arrest of judgment were filed and overruled, from which defendant appealed.

The record shows that defendant filed a motion to quash the indictment on the grounds that the offenses charged could not be joined. It is expressly provided by the 19th section of Wagn. Stat. (p. 455), "that if any person in committing burglary, also

commits a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment," and the motion to quash was, therefore, properly overruled.

A motion was also filed to compel the State to elect on which count it would proceed to trial. The counts in the indictment related to the same transaction, and they were expressly authorized to be joined, and the court committed no error in refusing to compel the State to elect on which it would proceed. (State vs. Porter, 26 Mo. 201.)

The instructions one, two, three and four, asked by the defendant, were properly refused by the court. The first instruction sought to take the entire case from the jury, when there was sufficient evidence to require its submission to them. The declarations asked to be given in the second, third and fourth instructions had been announced in others which had been given. Besides this, the defendant was not injured by the refusal of the court to give them. Three of them related to the charge of burglary in the second degree, and as to this charge defendant was found not guilty.

Upon the whole case we think the conviction of defendant for larceny was rightful, and the judgment will, therefore, not be disturbed. (State vs. Alexander, 56 Mo. 131.)

The judgment is affirmed. The other judges concur, except Judge Wagner, who is absent.