THE STATE v. PEDIGO *et al.*, *Plaintiffs in Error*.

**Indictment for Hog Stealing.** The stealing of a hog being no longer grand larceny irrespective of value, (R. S. 1879, ? 1307,) an indictment for stealing one should allege either that it was of the value of $30,. or more, or that it was under that value.

*Error to Butler Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*S. M. Chapman* for plaintiffs in error.

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—The defendants were jointly indicted for stealing a hog. The indictment was found November 5th, 1879, and charged the larceny as committed on the first day of that month. On trial had, the defendants were found guilty of *grand* larceny, and each sentenced to two

years' imprisonment in the penitentiary. Under the statute, as it formerly stood, (1 W. S. 456, § 25,) the stealing of a hog was grand larceny, irrespective of value. By the new statute, however, which went into effect on the day the hog is alleged to have been stolen, the stealing of a hog is not of itself, grand larceny.—R. S. 1879, p. 229, § 1307. It was necessary, therefore, in order to charge the defendants with the crime of grand larceny, that the indictment should allege the value of the hog to be "*thirty dollars or more.*" In cases where the degree of punishment depends in any measure upon the value of the thing stolen, the indictment must state its value. As, for instance, where there are two degrees of larceny, grand and petit, distinguishable by the value of the property stolen. The value in such instances is material to the punishment, and must be set out in the indictment.—2 Bishop Crim. Prac., § 676.

Under the present statute, R. S. 1879, § 1318, the stealing of articles under the value of thirty dollars, not being the subject of grand larceny without regard to value, is petit larceny, and punishable by imprisonment in the county jail, &c., while grand larceny or the stealing of property of that or greater value, is punishable by imprisonment in the penitentiary.—Ib. 229, § 1308. It is thus apparent that this case falls fully within the rule stated by Mr. Bishop, and the necessity of stating the value of the animal stolen becomes obvious. As the case now stands, the defendants have been indicted for stealing a hog, which act, under the statute at the date of its alleged commission, was neither grand nor petit larceny, so that it follows that the verdict finds the defendants guilty of a crime with which the indictment does not charge them, and that they have been sentenced in accordance with the *verdict*, but not the *indictment*. Judgment reversed and defendants discharged. All concur.