## THE STATE v. DAVIS, *Appellant.*

73 129
136 49

1.  **Larceny Committed in Perpetration of Burglary.** If in an indictment founded on section 1301, Revised Statutes, and charging burglary and larceny in one count, as is authorized by that section, the value of the goods stolen is stated, the defendant may be convicted of larceny in the proper degree though he be acquitted of burglary.

2.  **Proof of Larceny.** In this case a portion only of the goods stolen were found in the possession of the defendant; but it was held that this fact, in connection with other concurring circumstances, warranted the jury in finding him guilty of stealing them all.

9—73

*Appeal from Andrew Circuit Court.*—Hon. H. S. Kelley, Judge.

Affirmed.

*Heren & Son* and *Mercer & Sanders* for appellant.

1. The evidence does not warrant the verdict for grand larceny. The only criminating evidence against defendant was the mere possession of $5 worth of the stolen goods, seven or eight days after the theft. It is true defendant did not explain, or attempt to explain, this possession; but the law is well settled and only goes to the extent that the recent possession of stolen goods, when unexplained, raises the presumption in law that the party thus in possession is guilty of stealing the goods thus found in his possession; but the presumption of guilt does not extend beyond the goods found or traced to his possession, without other strong criminating circumstances being proven. The jury were, therefore, not authorized to find defendant guilty of the theft of anything more than the $5 worth of goods actually found in his possession.

2. Under an indictment like this, founded on section 1301, Revised Statutes, and containing but one count, if defendant be acquitted of burglary he cannot be convicted of larceny. The larceny is an incident to the burglary, and only known to the statute in case of conviction of the latter, and the punishment for the larceny is incident to and in addition to the punishment for burglary. This is plain from a literal reading of the statute. Nor can it be assumed that with the burglary out of the count there is still left enough to make a good indictment for larceny, or that the character of the larceny, whether a felony or misdemeanor, depends on the value of the goods stolen, and the punishment to be assessed under the general provisions of our statute prescribing the punishment for lar-

ceny; and this for two reasons: (1) Section 1301 is express in its terms, that a conviction for both burglary and larceny must be had before any punishment can be assessed for the larceny, and in that event prescribes the punishment for the larceny; makes the larceny a felony irrespective of the value of the goods stolen, and this applies equally, whether the burglary and larceny are charged in the same count or in separate counts of the same indictment. The larceny under this section must be charged and proven to ᕼ ba burglarious larceny, that is, committed at the burglary, and unless so charged and proven, cannot be punished under this section. Hence, it follows that upon an acquittal for burglary, there can be no such larceny as provided for by this section, nor no punishment for it as prescribed by said section, and it must necessarily fall with the acquittal of the burglary. (2) Under our statute before a person can be convicted of either petit or grand larceny, he must be properly charged and indicted for the offense, and as no such indictment has been preferred against this defendant, there is nothing to sustain the judgment, and it should have been arrested. *State v. Henley*, 30 Mo. 509, 514, 515; *State v. Watson*, 31 Mo. 367; *State v. Beckworth*, 68 Mo. 82.

*D. H. McIntyre*, Attorney General, for the State.

1. The law authorizes conviction of larceny though defendant was acquitted of the burglary. *State v. Alexander*, 56 Mo. 131; *State v. Barker*, 64 Mo. 282.

2. The evidence authorized a conviction of grand larceny. The goods stolen were shown to be worth $32. Of these, $5 worth were shown to have been found in defendant's possession. This raises a probable presumption that he was present at the burglary and participated in it. Greenleaf on Ev., (12 Ed.) § 34, p. 42. The mere possession of goods recently stolen is of itself a circumstance of guilt. *Fackler v. Chapman*, 20 Mo. 249. But if the pos-

session is not explained by direct evidence, or in some sat-isfactory way, it is taken as conclusive that the defendant committed the theft, or at least participated in it.    *State v. Bruin*, 34 Mo. 537 ; *State v. Gray*, 37 Mo. 463.    If defend-ant did not commit the theft alone, but participated in it, although he got but $5 worth of the stolen goods, he is guilty · of the whole, and committed grand larceny.    2 Bishop Crim. Law, (6 Ed.) § 884, p. 493.    " The possession of a part of the stolen goods of the smallest value, in con-nection with other circumstances, might clearly fix the guilt of stealing all of the goods upon defendant."    *State v. Barker*, 64 Mo. 282.    The defendant did not explain his possession of the stolen goods by direct evidence or other-wise, and in view of the fact that he offered no evidence in explanation, nor testified in his own behalf, it would seem that the " other-circumstances " necessary to be taken in connection with the possession were furnished, and jus-tified the jury in concluding that if defendant did not steal all of the goods, he at least participated in the theft, and was guilty of the whole.

HOUGH, J.—The defendant was indicted for burglary in the second degree and larceny, and was acquitted of the burglary, but convicted of the larceny, and sentenced to three years' imprisonment in the penitentiary.    The goods charged to have been stolen were alleged to have been taken from a store and to be of the value of $32.    The two of-fenses were charged in the same count, under section 1301 of the Revised Statutes.

It is contended for the defendant that under the pro-visions of said section he could not be convicted of the larceny unless he was also convicted of the burglary.    This point has been expressly adjudged to the contrary in the following cases :    *State v. Alexander*, 56 Mo. 131 ; *State v. Turner*, 63 Mo. 436 ; *State v. Barker*, 64 Mo. 282 ; 2 Arch. Crim. Prac., 328, 329.    In the case of the *State v. Beck-worth*, 68 Mo. 82, relied upon by defendant's counsel, the

indictment failed to state the value of the goods stolen, and it was held that when the larceny was committed in the perpetration of a burglary, the value of the property stolen was unimportant and need not be alleged, and that under such an indictment there could be no conviction of the larceny unless the defendant was also found guilty of the burglary. The distinction taken rests upon the fact that in an indictment for simple larceny, it is essential to allege the value of the property taken. *State v. Pediyo*, 71 Mo. 443. And as there can be no conviction for a larceny committed in the perpetration of a burglary, when no burglary has been committed, neither can there be any conviction for a simple larceny under an indictment charging burglarious stealing unless the value of the goods taken shall have been alleged. In the indictment before us the value of the goods is alleged to be over $30, and under it the defendant could have been convicted of either grand or petit larceny, without regard to the burglary.

Only a portion of the goods stolen was found in the possession of the defendant, but this fact, in connection with other concurring circumstances, was sufficient to warrant the jury in finding him guilty of stealing them all. *State v. Barker*, 64 Mo. 282. The case was fairly submitted to the jury, and the evidence is sufficient to support a conviction. The judgment will, therefore, be affirmed. The other judges concur.