THE STATE, *Appellant, v.* ROY.

**Pleading, Criminal:** INDICTMENT : MOTION TO QUASH. Failure to indorse upon an indictment the names of the witnesses upon whose evidence the grand jury found the same is a good ground for a motion to quash. R. S., sec. 1802.

*Appeal from Ste. Genevieve Circuit Court.*—HON. J. D. Fox, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney-General, for the State.

It is no ground for objection that the names of the material witnesses for the State were not indorsed on the indictment. The only way in which such failure could affect the State was that no continuance could be granted it, except upon the affidavit of the prosecuting attorney. R. S. 1879 § 1802 ; *State v. Nugent*, 71 Mo. 136 ; *State v. Patterson*, 73 Mo. 695.

No brief for respondent.

NORTON, J.—The defendant was indicted at the November term, 1881, of the circuit court of Ste. Genevieve county, for assault with intent to kill. He moved to quash the indictment for the reason that the names of the witnesses who testified before the grand jury were not indorsed thereon. The court sustained the motion, whereupon the state appealed.

Section 1802, Revised Statutes, provides that : "When an indictment is found by the grand jury, the names of all the material witnesses must be indorsed upon the indictment ; other witnesses may be subpœnaed or sworn by the state, but no continuance shall be granted to the state on account of the absence of any witness whose name is not

The State v. Roy.

thus indorsed on the indictment, unless upon the affidavit of the prosecuting attorney, showing good cause for such continuance." It will be observed that the statute imperatively requires that the names of the material witnesses must be indorsed on an indictment when found by the grand jury. It must be presumed that this requirement was made for some just and wise purpose, and to give the person criminally charged the opportunity of knowing who were his accusers, and by whom the state expected to establish the charge preferred, in order that he might prepare, not only to meet the charge, but those upon whom the state relied to prove it. Cases may well be supposed where a person indicted would be put to great disadvantage and hazard when called upon to answer whether or not he was ready for trial, in the absence of such information as this statutory requirement would give him.

The license given the state to introduce and have other witnesses than those whose names are indorsed on the indictment, sworn to testify in the cause, in no way impairs the right of defendant to have the names of the material witnesses for the state indorsed on the indictment, nor does it absolve the state from the duty of observing the mandate of the statute in that respect. When the names of the material witnesses for the state, or those testifying before the grand jury returning the indictment, are indorsed thereon, and while the state may have the evidence of other and additional witnesses, still it is not entitled to a continuance to procure the evidence of such witnesses, except upon the affidavit of the prosecuting attorney, making out a good cause for continuance, whereas as to the witnesses whose names are endorsed on the indictment the state's attorney is not required to make such affidavit. The license given to the state to introduce other witnesses, so far from qualifying or impairing the right of a defendant to have the names of the witnesses upon whose evidence the grand jury found the indictment indorsed on it, gives him an

additional right, viz : the right to require the prosecuting attorney, before he can get a continuance on account of the absence of witnesses whose names are not indorsed on the indictment, to make out a cause for continuance upon his affidavit.

In the case of *The State v. Burgess*, 24 Mo. 381, where the statute required that an indictment should be indorsed "a true bill" and that this should be signed by the foreman of the grand jury, it was held that the failure to make the indorsement, while not a cause for arresting the judgment after trial and conviction, was a good cause for quashing the indictment before trial. The statute requiring that indorsement to be made was no more imperative than the one requiring the indorsement of the names of the witnesses. Following the principle announced in that case, we must hold that the objection taken in this case to the indictment in the motion to quash was well taken, and that the trial court did right in sustaining it. We have been cited to the cases of the *State v. Nugent*, 71 Mo. 136, and *State v. Patterson*, 73 Mo. 695, as holding that the failure to indorse the names of the witnesses on the indictment, afforded no ground of objection to it, and that the only consequence resulting from such failure was that the state could only, in such case, get a continuance on the affidavit of the prosecuting attorney. So far as this principle is enunciated in said cases they are hereby overruled. In the Patterson case it appeared that a motion to quash was made, but before it was determined the names of the witnesses were indorsed, and the court held, as we would hold in this case if the same facts existed, that the motion was properly overruled. In the Nugent case the defendant made no motion to quash, but went to trial and after conviction moved to set aside the verdict on the ground of surprise, and under the ruling in the case of *State v. Burgess* (*supra*), the motion for new trial was properly overruled.

Judgment affirmed in which all concur, except Judges Henry and Ray.