## THE STATE v. O'DAY, *Appellant.*

1. **Pleading, Criminal : INDICTMENT : WITNESS.** When the names of several witnesses are endorsed on an indictment, the state will not be denied the right to introduce other witnesses, whose names are not thus endorsed.

2. ——— : ——— : ——— : **PRESUMPTION.** In such cases the presumption must be indulged that the indictment was found upon the evidence of the witnesses whose names are endorsed on the indictment, and that the grand jury, in making the endorsement, fully complied with the mandate of the statute.

*Appeal from Clarke Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Givens & Howard* for appellant.

*B. G. Boone*, Attorney General, for the state.

(1) There is no merit in defendant's objection that the names of all the material witnesses were not endorsed on the indictment. The statute which requires this to be done expressly provides that other witnesses than those whose names are endorsed, may be subpœnaed and testify in the cause. Sec. 1802, R. S.; *State v. Roy*, 83 Mo. 268; *State v. Griffin*, 3 West. Rep. 820; s. c., 87 Mo. 608. (2) The defendant cannot plead unexpected testimony of the state as ground of surprise, even where witnesses are sworn and testify at the trial who were not examined by the grand jury. *Rex v. Hollingberry*, 6 Dow. & Ry., K. B. Rep. 345; *Childs v. State*, 10 Texas App. 183; *McClary v. State*, 75 Ind. 260; *Evans v. State*, 13 Texas App. 225.

NORTON, J.—At the April term, 1885, of the Clarke county circuit court, defendant was tried upon an indictment charging him with feloniously marking a steer, not his property, with the intention of stealing and converting the same to his own use. He was convicted, and from the judgment rendered, has appealed to this court. It appears from the record that the names of three witnesses were endorsed on the back of the indictment returned by the grand jury, and that on the trial of the cause, after the witnesses whose names appeared on the back of the indictment had been examined, the state offered to examine two witnesses whose names did not thus appear. The defendant objected to the examination of these witnesses, on the ground that their names were not so endorsed, and on the ground of surprise. The court overruled the objection, and defendant, on his appeal, questions this action of the court, and relies upon it as a ground for reversing the judgment.

In the case of the *State v. Roy*, 83 Mo. 268, it is held, that under section 1802, Revised Statutes, if the grand jury failed to endorse on an indictment the names of the witnesses upon whose evidence the indictment was found, that such failure would be a good ground for a motion to quash. It is also there held that when the names of witnesses are thus endorsed, the state is not denied the right to introduce on the trial other witnesses than those whose names are so endorsed, but that on the contrary express license is given by the statute to do so. In the case of *State v. Roy, supra*, the indictment did not have upon it the endorsement of the name of a single witness. In the case now before us, the indictment had endorsed upon it, the names of three witnesses, and in such case the presumption can and must be indulged that the indictment was found upon their evidence, and that the grand jury, in making the endorsement, complied fully with the mandate of the statute.

Judgment affirmed. All concur, except Henry, C. J., absent.