THE STATE v. PHELPS, *Appellant.*

1. **Practice, Criminal:** TESTIMONY OF WITNESS NOT INDORSED ON INDICTMENT. Other witnesses than those whose names are indorsed on the indictment may be examined by the state in the trial of a criminal cause. R. S., sec. 1802.

2.  ———— : RECENT POSSESSION OF PART OF STOLEN GOODS : EVIDENCE. Recent possession of a part of stolen goods of the smallest value, in connection with other circumstances, may clearly fix the guilt of stealing all the goods upon the possessor. And where the evidence tends to show that defendant and his wife were together when the goods were stolen, participating in the larceny, and a part of the stolen goods were found in her possession, which defendant admitted would be good evidence against them, if proved, the circumstance that the remainder of the goods were found concealed in a place where they had an opportunity to put them should be allowed to go before the jury, on the separate trial of the defendant, to be considered in connection with other circumstances in the case. The possession of the goods by one of them, recently after the theft, is criminating evidence against both.

*Appeal from Douglas Circuit Court.*—W. A. Love, Esq., Special Judge.

AFFIRMED.

*Thos. H. Musick* for appellant.

(1) Defendant was forced to trial, and witnesses sworn against him whose names were not endorsed on the indictment, and of whom he had no knowledge until they were put upon the stand when, of course, he had no opportunity to procure rebutting testimony. (2) The principal point relied on is that the court erred in permitting the identity of the stolen goods to be proven without their having been traced to the possession of defendant. Wharton's Crim. Evid. [8 Ed.] sec. 755 ; 2 Bishop's Crim. Procedure [3 Ed.] 740, 741, 742, 746 ; *State v. Wolf*, 15 Mo. 178 ; Kelley's Crim. Practice, sec. 612 ; 2 Starkie on Evid. [5 Am. Ed.] top p. 449, side p. 450, note *b;* 3 Greenleaf on Evid. [8 Ed.] p. 32, sec. 33.

*B. G. Boone*, Attorney General, for the state.

(1) It is expressly provided by statute that other

witnesses than those whose names are endorsed on the indictment may be subpœnaed by the state. R. S., sec. 1802 ; *State v. O' Day*, 89 Mo. 559. ' (2) A judgment in a criminal case will not be reversed on the ground that the verdict is against the evidence unless there is a total absence of evidence, or it fails so completely to support the verdict that the necessary inference is that the jury acted from prejudice or partiality. *State v. Musick*, 71 Mo. 401 ; *State v. Warner*, 74 Mo. 83 ; *State v. Hammond*, 77 Mo. 159. (3) Recent possession of a part of stolen property with other inculpatory circumstances of guilt, will justify a jury in finding that a defendant thus possessed of a part stole the whole. *State v. Beatty*, 90 Mo. 143 ; *State v. Barker*, 64 Mo. 282 ; *State v. Davis,* 73 Mo. 133 ; *State v. Sidney*, 74 Mo. 391 ; *State v. Owens*, 79 Mo. 619.

NORTON, C. J.—The defendants were indicted in the circuit court of Douglas county, and charged with having committed larceny from a dwelling. Upon being arraigned, defendant, Henry Phelps, was granted a severance, and on being tried was convicted and sentenced to imprisonment in the penitentiary for two years, from which judgment of conviction he has appealed to this court.

On the trial, the state proved the following facts : That, on the twenty-eighth of August, 1886, in the absence of the family, two dresses and one basque were stolen from the dwelling-house of David Thompson, in Douglas county; that, on the same day, Henry Phelps was seen with a woman, three-fourths of a mile north of Thompson's, coming along the public road from the north, and, after getting water from the spring, they went back north; they were both riding one horse; this was about one o'clock in the afternoon; the next day, between nine and ten o'clock, A. M., the tracks of a man and horse were seen at Squire's store, one and one-fourth miles south of Thompson's, going south;

that, about eight miles south of Thompson's, a horse had been fed, a fire built, and the tracks of a man and a woman were seen; from this place the tracks were followed a few miles further and lost; that, on the thirty-first of August, Delilah reached James Hart's, her brother-in-law, coming from the south, alone, on foot and carrying a bundle of clothing; this was twenty-four miles south of Thompson's; that, on the first of September, parties came to Hart's looking for the goods; Delilah told them they were welcome to see all she had, spread out the bundle before them, including one of the dresses afterwards claimed; that she did not appear excited, but, after they had failed to claim any of them, she commenced weeping; that, on the third of September, Henry came to Hart's, bringing a horse with him; Henry was a stranger to Hart and his wife, but represented that he and Delilah were married in Benton county, Missouri, in July, 1886; that, on the fourth of September, the defendants were arrested at Hart's. The state then offered evidence tending to identify the dress found in Delilah's possession as one of the stolen dresses, to which defendant objected as irrelevant, but the objection was overruled and defendant excepted. A letter was then introduced, signed Henry Phelps, dated at Isabella, Missouri, September 1, addressed to a friend in Benton county, stating that he and Delilah had had a hard time walking through; that they were on their way to the Indian nation, and that they had been nine days on the road; that the day Henry came to Hart's Delilah was washing at the spring, sixty yards from Hart's house, and Henry stayed with her most of the day; that Hart lives two and a half miles northwest from Isabella; that when arrested Henry was informed that one of the dresses found could be identified as part of the stolen property, and he said to the constable if that could be proved it would be good evidence against

them. He also told the officer that he got the dress when he got Delilah.

The state then introduced Hart to show that, on the twenty-first or twenty-second of September, he found the other stolen dress and basque, with another skirt, wrapped in a bundle, hid in a thicket in his field, about eighty or a hundred yards east of his house, about sixty yards from his spring, but not in the direction from which Delilah came; that being wet they unfolded and hung them out to dry. To this evidence defendant objected for irrelevancy and incompetency, and because witness' name was not indorsed on the indictment and defendant had no knowledge that he was to be sworn. But the objection was overruled and defendant saved his exception at the time. This was all the testimony connecting Henry with the larceny. The objection that witness, Hart, should not have been allowed to testify because his name was not indorsed on the indictment was properly overruled, it being expressly provided by section 1802, Revised Statutes, that other witnesses than those whose names are thus endorsed may be examined by the state, and it is so held in the case of *State v. O'Day*, 89 Mo. 559.

The objection that Hart's evidence was incompetent and irrelevant was, in view of the other facts in evidence, properly overruled. It had been shown that a part of the stolen goods was found recently after the theft in the possession of defendant's wife, as he claimed her to be at Hart's house when she arrived on the first day of September with a bundle of clothing, defendant stopping at Isabella, a place two and a half miles from Hart's house; that defendant and his wife were seen in the vicinity of the dwelling from which the clothing was stolen on the day it was stolen; that defendant came to Hart's house on the third of September, and spent the most of the day with his wife at the spring where she was washing, and sixty yards from where Hart testified

he found part of the stolen goods concealed in the brush, and when arrested on the fourth of September he said if it could be proven that part of the stolen goods had been found in his wife's possession that would be good evidence against them. In *State v. Barker*, 64 Mo. 282, it is said, "the possession of part of the stolen goods of the smallest value, in connection with other circumstances, might clearly fix the guilt of stealing all the goods upon the defendant." *State v. Owens*, 79 Mo. 619, and *State v. Davis*, 73 Mo. 129, are to the same effect.

As the evidence tended to show that a part of the stolen goods was found in the possession of defendant's wife, which he admitted if that could be proven would be good evidence against them, the circumstance that the remainder were found concealed in a place where they had an opportunity to put them was properly allowed to go before the jury to be considered by them in connection with other circumstances in the case. If defendant and his wife, Delilah, as the evidence tends strongly to show, were together when the goods were stolen, participating in the larceny, the possession of the goods by one of them, recently after the theft, is criminating evidence against both; and it was on this theory that the case was tried by the circuit court; and there is no analogy between this case and the case of *State v. Wolf*, 15 Mo. 168, to which we have been cited. According to these views, the objection made to the action of the court in refusing instructions asked by defendant, to the effect that the jury should disregard all evidence as to the possession of said goods, unless such possession was an actual manual possession by defendant, is not well taken.

The court gave nine instructions on behalf of the defendant, which it is unnecessary to farther particularize than to say that they were full and fair, and to the effect that unless the jury believed, beyond a reason-

able doubt, that defendant either stole the goods, or was present aiding and assisting when they were stolen, they should acquit, and that they should also acquit if the circumstances in evidence were consistent with any reasonable hypothesis of defendant's innocence. They were further told that if Hart was in possession of the stolen goods his possession was not defendant's possession and could not be considered as evidence against him.

No error appearing in the record the judgment is affirmed, in which all concur.