The State v. Loehr.

THE STATE v. LOEHR, *Appellant.*

1. **Criminal Law**: SECOND OFFENCE OF PETIT LARCENY : INDICTMENT. An indictment for a second offence of petit larceny, after conviction and punishment for the first offence, which alleges, in substance, that defendant, on the twentieth day of December, 1880, was charged and convicted, in the St. Louis court of criminal correction, of petit larceny, and fined one dollar and costs ; that he complied with the sentence, and was discharged, and thereafter, on the fourteenth of March, 1883, he did, in the city of St. Louis, feloniously steal, take, and carry away fifty pounds of iron, of the value of ten cents per pound, of the property of the Missouri Pacific Railroad Company, a corporation duly organized, is drawn in compliance with the statute (R. S., sec. 1664), and is sufficient.

2. **Practice, Criminal**: INDICTMENT, INDORSEMENT OF WITNESSES UPON. When the names of several witnesses are indorsed upon an indictment, the state will not be denied the right to introduce other witnesses whose names are not thus indorsed.

3. ———: DEFENDANT AS WITNESS : EVIDENCE OF FORMER CONVICTION. Where defendant, in a criminal case, has been examined as a witness on his own behalf, the record of his conviction of another offence may be received in evidence for the purpose of affecting his credibility.

4. ———: EVIDENCE. In a prosecution for larceny, conversations of a witness with the defendant with reference to the ownership of the property alleged to have been stolen may be shown, as tending to show knowledge in defendant of the ownership of the property.

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

AFFIRMED.

*W. Busch* for appellant.

(1) The court erred in allowing one Tracy to testify as to conversations with defendant concerning the ownership of the property alleged to have been stolen. *State v. Turner,* 76 Mo. 350; *State v. Martin,* 74 Mo. 549; *State v. Reavis,* 71 Mo. 419; *State v. King,* 78 Mo. 555; *State v. Cox,* 67 Mo. 392. (2) The instruction as to an *alibi* was intended to mislead, and did mislead, the jury. If defendant's instruction was defective, it was the court's duty to give a proper one. *State v. Banks,* 73 Mo. 592; *State v. Jones,* 61 Mo. 232. (3) The court erred in giving oral instructions to the jury. R. S., sec. 1920; *State v. Cooper,* 45 Mo. 64. The court erred in passing upon the weight of certain evidence. (4) There was no proof that the company was incorporated. (5) The indictment was void. (6) Brady's testimony was illegal, because his name was not indorsed upon the indictment. *State v. Roy,* 83 Mo. 268.

*B. G. Boone,* Attorney General, for the state.

(1) The testimony of one Tracy, as to conversations with appellant as to the ownership of the iron in the Missouri Pacific yards, and his warning to appellant, from time to time, not to take it, was properly admitted, to show that appellant had knowledge of the ownership of the property. (2) The records of former convictions of appellant were properly admitted to affect his credi-

bility.  *State v. Palmer*, 88 Mo. 568, and cases cited;
*State v. Bulla*, 89 Mo. 595; *State v. Rider*, 90 Mo. 54.
(3) The instruction given relative to an *alibi* was suffi-
cient.  *State v. Jennings*, 81 Mo. 190; *State v. Rockett*,
87 Mo. 668.  (4) Appellant, in his motion in arrest, com-
plains of the indictment.  It sets forth the former con-
viction clearly and distinctly, and then charges the petit
larceny in the usual form, save that it is charged to have
been done feloniously, as required by section 1664, Re-
vised Statutes.  The indictment concludes, "against the
peace and dignity of the state," as required by the consti-
tution.  Const. Mo., art. 6, sec. 38.  (5) The instruction
as to the credibility of witnesses, their interest in the
result of the trial, etc., was in the form approved by this
court.  *State v. Elliott*, 90 Mo. 350.  (6) It is not re-
quired that the names of all witnesses examined by the
state should be indorsed on the indictment.  *State v.
O' Day*, 89 Mo. 561; *State v. Phelps*, 91 Mo. 478.

NORTON, C. J.—In the St. Louis criminal court de-
fendant, in November, 1885, was tried and found guilty
under an indictment, charging him with having commit-
ted petit larceny, after having been once convicted and
punished for committing a previous petit larceny.  He
was sentenced to be imprisoned in the penitentiary two
years, and brings his case to this court by appeal, and
seeks a reversal of the judgment on various grounds, one
of which is that the indictment does not sufficiently
charge the offence.

The indictment is based on section 1664, Revised Stat-
utes, which, among other things, provides as follows: "If
any person convicted  *  *  *  of petit larceny  *  *  *
shall be discharged, either upon pardon or upon compli-
ance with the sentence, shall subsequently be convicted
of any offence committed after such pardon or discharge,
he shall be punished as follows:  *  *  *  if such sub-
sequent conviction shall be for petit larceny,  *  *  *

the person convicted of such subsequent offence shall be punished by imprisonment in the penitentiary for a term not exceeding five years.'' The indictment in this case alleges, in substance, that defendant, on the twentieth day of December, 1880, was charged and convicted in the St. Louis court of criminal correction of petit larceny, and fined one dollar and costs ; that he complied with said sentence, and was discharged, and that thereafter, on the fourteenth of March, 1883, defendant did, in the city of St. Louis, feloniously steal, take, and carry away fifty pounds of iron, of the value of ten cents per pound, of the property of the Missouri Pacific railroad company, a corporation duly organized,'' etc. It will be seen, by comparing the indictment with the section of the statute above quoted, that it is drawn in compliance with it, contains all the averments therein required, and is, in our opinion, sufficient.

It is also objected that the court permitted other witnesses than those whose names were indorsed on the indictment to be examined on behalf of the state. Under our rulings in the case of *State v. O'Day*, 89 Mo. 559, and *State v. Phelps*, 91 Mo. 478, no error was committed in that respect.

It is also insisted that the court erred in allowing the state, over defendant's objection, to put in evidence the record of the St. Louis court of criminal correction, showing the conviction of defendant, in 1881, of petit larceny. Inasmuch as defendant had been examined as a witness on his own behalf, the evidence received was properly admitted, for the purpose of affecting his credibility. *State v. Rider*, 90 Mo. 54 ; *State v. Bulla*, 89 Mo. 595 ; *State v. Palmer*, 88 Mo. 568.

It is also objected that one Tracy, a witness on the part of the state, was allowed to testify as to conversations with defendant in regard to the ownership of iron in the Missouri Pacific yards, and in which he warned defendant from taking it. This evidence was properly

received, as it tended to show knowledge in defendant of the ownership of the iron, with the taking of which he was charged by the indictment.

The instructions given by the court fairly presented the case to the jury, and we find nothing in the record justifying an interference with the judgment, and it is hereby affirmed, with the concurrence of all the judges.