THE STATE v. NAGEL, *Appellant.*

Division Two, November 20, 1896.

136　45
141　325
136　45
148　240

1. **Criminal Law**: BURGLARY AND LARCENY: INDICTMENT: PRACTICE. Burglary and larceny may, under the provisions of Revised Statutes, 1889, section 3529, be charged in the same count of an indictment, and the accused may be convicted of either one or both offenses.

2. ——: ——: ——: DUPLICITY: PRACTICE. Objection to an indictment for duplicity in charging burglary and larceny in the same count can not be raised after verdict or on error.

3. ——: INDICTMENT: DUPLICITY: PRACTICE. The defect of duplicity in an indictment is cured by the acquittal of the accused of one of the offenses charged and his conviction of the other.

4. ——: PRACTICE: ALLEGATIONS IN MOTION FOR NEW TRIAL. Allegations in a motion for new trial as to the occurrence of any of the matters alleged therein are not evidence to support such allegations.

5. ——: ——: CONFLICT OF EVIDENCE. Conflict in the evidence between witnesses for the state and the defendant in a criminal case is a matter for the consideration of the jury.·

6. ——: ——: MOTION FOR NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A motion for new trial upon the ground of newly discovered evidence should not be granted where it discloses no diligence, does not disclose the names of the witnesses to be produced, is not accompanied by the affidavits of such witnesses nor account for their absence and does not show the nature of such ·evidence, whether cumulative or material, or whether it would be likely to change the result, if obtained.

7. ——: ——: ——: ——. Such motion is fatally defective where the affidavit of the defendant is not filed therewith, or a valid reason shown for failure to do so.

8. ——: ——: SENTENCE: ALLOCUTION. The provision of section 4239, Revised Statutes, 1889, requiring the court, before passing sentence upon one convicted of crime, to inquire of said convict whether he has any legal cause to show why judgment should not be pronounced against him, is directory in all misdemeanor cases and in cases where defendants have been heard on motions for new trial or in arrest of judgment, and failure of the court to comply with such requirement will not, under the circumstances mentioned, invalidate its sentence.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, and *C. O. Bishop* for the state.

(1) There is no error apparent of record. The indictment is in the usual form of one charging bur-

glary and larceny, and in all respects sufficient. It is permitted by statute, and authorized by numerous decisions of this court that burglary and larceny may be charged in one count of the same indictment. Revised Statutes, sec. 3529. Reciting all that there is charging burglary there is a good and sufficient charge of grand larceny; for leaving out the formal parts it charges that the defendant at the city of St. Louis on the fourth day of May, 1895, "two bicycles of the value of $180 of the goods, wares, merchandise and personal property of the A. F. Shapleigh Hardware Company, a corporation, then and there being found, then and there feloniously and burglariously did steal, take and carry away, contrary," etc. (2) There is nothing in the record to show that one of the jurors was prejudiced, as alleged, nor that any witness by the name of McEnany gave any testimony whatever; and there are no affidavits in support of newly discovered evidence. (3) The instructions given are in every way correct; those regarding burglary can not, of course, be considered (appellant having been acquitted of that charge); the others are in the form often approved by this court. There was no testimony admitted over the objection of the appellant, and none excluded that was offered by him. The case was fairly submitted to the jury and there is abundant evidence to support the verdict.

SHERWOOD, J.—The defendant was indicted for burglary in the second degree and larceny, being charged with breaking into the building of the A. F. Shapleigh Hardware Company, in the city of St. Louis, and stealing therefrom two bicycles of the value of $185, the property of said company. Tried on this indictment, defendant was found guilty of grand

larceny and two years in the penitentiary awarded to him, and he has appealed.

The testimony on the part of the state tended to show that on the night of the day mentioned in the indictment, between 11 and 12 o'clock, the warehouse of the A. F. Shapleigh Hardware Company, on Second street between Morgan and Lucas avenue, was broken into by the fracture of a pane of glass and the opening of a rear door; and that two bicycles, each valued at from $75 to $100, had been removed from a storeroom on the second floor where they were kept; the place had been carefully closed and secured the evening before, and the bicycles then had been in the proper place. Just before midnight, an officer patrolling the beat, saw defendant come out of the warehouse into the alley in the rear with a bicycle which he was attempting to ride without success; he put defendant under arrest and examined the premises, found the glass door broken and the sliding door open, and just inside another bicycle of which some parts were missing and which were found in defendant's pocket. Defendant appeared to be under the influence of liquor, and one of his hands was bleeding. The bicycles were identified by the company as their property, by the numbers thereon and by the make.

Defendant testified that he was passing through the alley that night, on his way to the house of a friend in that neighborhood, was intoxicated, and saw a bicycle standing outside, and took a notion to ride it, and having gone about twenty-five feet fell and cut his hand, and was so found by the police officer; denied having entered the place, or knowing anything about the other wheel, and claimed that the piece found in his pocket was part of the wheel he had attempted to ride, and which was broken in the fall. There was abundant testimony as to defendant's previous good

character. He stated that he was twenty-four years of age and had never been in any trouble before. Other matters will be noted, if necessary, further on.

The defendant is not represented in this court by counsel, and so in obedience to statutory requirements, we have carefully examined the record in the endeavor to discover errors, but have been unable to do so.

The indictment is in usual form, and charges burglary and larceny in the same count. This is permissible under our statute, section 3529, Revised Statutes, 1889, under the provisions of which a man thus indicted may be convicted of either one or both offenses. *State v. Henley,* 30 Mo. 509; *State v. Turner,* 63 Mo. 436; *State v. Alexander,* 56 Mo. 131; *State v. Dooly,* 64 Mo. 146; *State v. Davis,* 73 Mo. 129; *State v. Kelsoe,* 76 Mo. 505; *State v. Owens,* 79 Mo. 619; *State v. Kennedy,* 88 Mo. 341.

But even if the count in the indictment were really double, as is complained in the motion in arrest, such duplicity could not be taken advantage of *after verdict,* or on error. This is the law both in England and in this country. 1 Bishop, Crim. Proc. [3 Ed.], sec. 443, and cases cited.

And even where a count is objectionable because double, such defect will be cured, where, as in the case at bar, the defendant is acquitted of one of the offenses charged, and convicted of the other. Bishop, *supra.*

The instructions are in usual and approved form, and there is nothing in the bill of exceptions to show that one of the jurors was prejudiced, nor that a witness by the name of McEnany testified in the cause at all, so that it is difficult to see how defendant could have been surprised by the testimony of such nonappearing witness. And the allegation in the motion for

a new trial as to the occurrence of any of the matters alleged therein, is no evidence whatever to support such allegations, as times without number has been decided by this court.

As to the testimony, that on behalf of the state amply sustains the verdict, and if there was any conflict between that and that of defendant and his witnesses, that was for the consideration of the jury.

The allegation as to newly discovered evidence, made in the motion for a new trial, is wholly insufficient in that it discloses no diligence, does not mention the names of the witnesses who are the repositories of the desired evidence, nor do the affidavits of such accompany the motion, nor is the absence of such affidavits accounted for, nor does the motion set forth or show the nature of such evidence, whether cumulative or material, or whether it would likely change the result if obtained; all of which is fatal to granting a new trial based on such grounds. *State v. Welsor,* 117 Mo. 582, *et seq.*, and cases cited.

Equally fatal to the motion is the fact that the affidavit of the defendant does not appear therewith filed. This is the generally prevalent rule, and when an exception to it occurs, the ground of the exception must be made to appear. *State v. McLaughlin,* 27 Mo. 111; *State v. Campbell,* 115 Mo. *loc. cit.* 393; 3 Graham & W. on New Trials, pp. 1067, 1071, 1073.

Thus all the points suggested in the motion for new trial and in arrest have been considered and found untenable.

But one additional matter remains for determination. It does not appear from the record that prior to sentence being passed on defendant, he was asked whether he had anything to say why sentence should not be passed upon him. Such omission of the *allocution,* as it is termed, in a capital case, seems to be fatal,

so far as the *sentence* is concerned, but does not accomplish the reversal of the *judgment*. 1 Bishop, Crim. Proc. [3 Ed.], sec. 1293.

There are different views on the point whether it is necessary to ask a prisoner, etc., where the offense is not capital; the majority of the courts holding it to be *absolutely necessary*, as for instance in Pennsylvania. *Dougherty v. Commonwealth*, 69 Pa. St. 286. Chitty says the allocution is *"indispensably necessary*, even in clergyable felonies."* 1 Chit. Cr. Law, 700. It was held in *State v. Ball*, 27 Mo. 324, that the formal address of the judge to the prisoner was unimportant in a noncapital case.

Our statute however has made this matter of the allocution very plain. It is declared by section 4239, Revised Statutes, 1889, that the formality aforesaid must occur in court, before the court proceeds to sentence the prisoner. But the next succeeding section provides that if the defendant has been heard on a motion for new trial or in arrest, if the case is one of felony and in all misdemeanors, that the preceding section shall be deemed *directory*.

In the present instance as the motions for new trial and in arrest had been passed upon, before defendant was sentenced, the failure to ask him, etc., is no ground to remand the cause in order to have the prisoner sentenced.

There being no error found in the record, the judgment should be affirmed. All concur.