THE STATE v. WILLIAM (GID) KILE, Appellant.

Division Two, November 29, 1910.

1. **MOTION FOR NEW TRIAL: Filed After Sentence.** The motion for a new trial must be filed before judgment; and if not filed before judgment rendered on the day verdict was returned, yet rendered without any objection or exception being interposed by defendant, the motion filed two days later and at the same term cannot be considered on appeal, and the

judgment must be affirmed unless there was error in the record proper.

2. **JUDGMENT AND SENTENCE: No Allocution.** Under the statute, the defendant in a felony case must be informed of the verdict of the jury and asked if he has any legal cause to show why judgment should not be pronounced against him; and if the record proper on appeal shows that was not done, the judgment cannot stand, but the cause will be remanded with directions that defendant be brought into court and judgment pronounced according to law.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

REMANDED (*with directions*).

*James Orchard* for appellant.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

The record proper shows that the judgment of sentence was entered immediately after the return of the verdict of the jury on September 20, 1909, and the motion for new trial was not filed until Wednesday, September 22, 1909. The motion for new trial must be filed within four days after the return of the verdict and before judgment. This is statutory and mandatory. R. S. 1909, sec. 5285; State v. Pritchett, 219 Mo. 696; State v. Fraser, 220 Mo. 34. There is nothing before this court but the record proper.

KENNISH, J.—At the September term, 1909, of the circuit court of Shannon county, the defendant, Willie (Gid) Kile, was convicted of the crime of seduction under promise of marriage and his punishment assessed at imprisonment in the penitentiary for the term of two years. From the judgment he appealed to this court.

It appears in the record that on the 20th day of September, 1909, the defendant was put upon his trial

and the jury returned a verdict finding him guilty. On the same day, to-wit, the 20th day of September, 1909, the court, without any objection or exception being interposed, pronounced judgment against the defendant. Thereafter on the 22d day of September, 1909, the defendant filed a motion for a new trial, which motion was on the same day overruled by the court and thereupon the defendant appealed from the judgment to this court.

It appears that the motion for a new trial was filed two days after judgment was pronounced, and therefore under the statute, as construed by this court, was filed out of time and too late to preserve for review the rulings of the court to which exceptions were saved at the trial.

It is provided by section 5285, Revised Statutes 1909, that the motion for new trial shall be filed before judgment. Construing that statute in the case of State v. Fraser, 220 Mo. 34, this court said: "There is no necessity for discussing this proposition as to the effect of the motion for new trial being filed after sentence and judgment. In the case of State v. Pritchett, 219 Mo. 696, that question is fully considered, therefore what is said in that case is applicable to the case at bar. It was ruled in the Pritchett case that the failure to file the motion for new trial before sentence and judgment, with the additional failure to object and except to the court rendering judgment at that time before passing upon the motion for a new trial, simply leaves the case in the appellate court upon the record proper; therefore it follows that, as applicable to this case, there is nothing to be considered except the record proper."

The foregoing decision is controlling authority in this case, and as the motion for a new trial was filed too late to preserve matters of exception occurring at the trial, it becomes our duty under this law to

examine the record proper and render judgment thereupon.

The information contains a sufficient charge of the offense of which the defendant was convicted. The record shows that the defendant was properly arraigned, and the verdict of the jury is responsive to the issues and in due form.

The judgment, as it appears in the record, is as follows: "Whereupon it is found by the court that the defendant Willie Gid Kile is guilty as charged in the information of the prosecuting attorney and his punishment be fixed at imprisonment in the penitentiary of the State of Missouri for a period of two years from the date of this sentence, and the sheriff of Shannon county, Missouri, shall without delay convey and deliver the said defendant, Willie Gid Kile, to the warden of the penitentiary of the State of Missouri at the City of Jefferson, and said warden is hereby directed to safely keep said defendant Willie Gid Kile for a period of two years from the date of this sentence unless sooner released according to law."

Sections 5263 and 5264, Revised Statutes 1909, are as follows:

"Sec. 5263.   When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him; and if no such sufficient cause be shown against it, the court must render the proper judgment.

"Sec. 5264.   If the defendant has been heard on a motion for a new trial, or in arrest of judgment, and in all cases of misdemeanor, the requirements of the next preceding section shall be deemed directory, and the omission to comply with it shall not invalidate the judgment or sentence of the court."

The crime of which the defendant was found guilty by the verdict of the jury was a felony, and as he had not been heard on a motion for a new trial

or in arrest of judgment it was the duty of the court, before pronouncing judgment and passing sentence, to inform the defendant of the verdict of the jury and ask him whether he had any legal cause to show why judgment should not be pronounced against him. [State v. Nagel, 136 Mo. 45; State v. McClain, 137 Mo. 307; 12 Cyc. 777; 19 Ency. Pl. and Prac., 455 et seq.]

The right to be heard after conviction and before judgment has come down to us from the Common Law of England. It has become a part of the statutory laws of this state and is generally recognized as the law in all cases of felony in the criminal jurisprudence of the states of this Nation. It had its origin and has become imbedded in our laws because of the necessity of safeguarding against error and injustice by securing to the accused, even after he has been found guilty, the right to speak and show cause, if any he has, why judgment should not be pronounced, before the final act of the law shall take from him the right of life or liberty.

It is provided by section 5264, supra, that if the defendant has been heard before judgment by a motion for a new trial or in arrest of judgment and in all cases of misdemeanor, this statute giving to the defendant the right to show cause why judgment should not be pronounced against him shall be deemed directory, and in such case the failure to accord such right would not be a reversible error. [State v. Nagel, 136 Mo. 45.] But the fact that this statute shall be deemed directory only when the defendant has been heard on motion and in all other cases of misdemeanor, adds emphasis to its mandatory character as to all felonies where the defendant has not been so heard. In the case of State v. Nagel, 136 Mo. 45, a case in which the record failed to show that the defendant had been asked before judgment whether he had anything to say why sentence should not be passed upon him, this court.

after a general review of the law upon the subject, said: "Our statute, however, has made this matter of the allocution very plain. It is declared by section 4239, Revised Statutes 1889, that the formality aforesaid must occur in court, before the court proceeds to sentence the prisoner. But the next succeeding section provides that, if the defendant has been heard on a motion for new trial or in arrest, if the case is one of felony, and in all misdemeanors, the preceding section shall be deemed *directory*. In the present instance as the motions for new trial and in arrest had been passed upon, before defendant was sentenced, the failure to ask him, etc., is no ground to remand the cause in order to have the prisoner sentenced."

The failure of the record to show a proper allocution is an error occurring after the verdict and does not affect the regularity of the proceedings before judgment and therefore does not entitle the defendant to a reversal of the judgment and a new trial. [State v. McClain, 137 Mo. 307; State v. Snyder, 98 Mo. 555; State v. Nagel, 136 Mo. 45.]

For the reason that the defendant was not informed of the verdict of the jury and asked to show cause why judgment should not be pronounced against him, this cause is remanded, with directions to the trial court that the defendant be brought into court and that judgment be pronounced in accordance with this opinion.

*Gantt, P. J.,* and *Burgess, J.,* concur.